COMMONWEALTH *vs.* ERIC WALTERS.

Berkshire.    April 30, 1981. — August 28, 1981.

Present: HALE, C.J., GREANEY, & SMITH, JJ.

*Assault and Battery.   Malicious Injury to Property.   Practice, Criminal,* Instructions to jury, Sentence, Assistance of counsel.

At the trial of a defendant charged with assault and battery by means of a dangerous weapon, evidence in the Commonwealth's case that the defendant had intervened in a fight between a street gang and the victim and two friends and that he had struck the victim with a club and threatened him if he should not leave was insufficient to raise the issue of "defense of another," and the defendant's motion for a required finding of not guilty was therefore properly denied.  [390-392]

At the trial of a defendant charged with wilful and malicious injury to personal property, a truck, of the value of more than one hundred dollars, there was sufficient evidence from which the jury could have inferred that the truck was worth more than one hundred dollars. [392]

At the trial of a defendant charged with assault and battery by means of a dangerous weapon and wilful and malicious injury to personal property, the evidence was insufficient to require the judge to instruct the jury, sua sponte, as to defense of another and as to the justified use of force to defend personal property.  [392-393]

At the trial of a defendant charged with wilful and malicious injury to personal property of the value of more than one hundred dollars, the judge erred in failing to instruct the jury that an essential element of the offense was that the value of the property injured must be more than one hundred dollars.  [393-395]

In view of the circumstances, including the fact that a defendant was acquitted on six of the eight indictments against him, the defendant failed to show that he was denied the effective assistance of counsel by his attorney's failure to request instructions as to certain defenses, to move to strike aliases from the indictments, and to object to questions regarding the aliases asked by the prosecutor of the defendant. [395-396]

The record of a criminal case did not support the defendant's contention that the judge improperly considered the default of the defendant dur-

ing trial in sentencing the defendant although the judge erroneously refused to credit the defendant for time spent in jail. [396-397]

INDICTMENTS found and returned in the Superior Court Department on January 3, 1980.

The cases were tried before *Simons, J.*

*Claudia C. Conway* of New York (*Andrew T. Campoli* with her) for the defendant.

*Lee Diane Flournoy,* Assistant District Attorney, for the Commonwealth.

SMITH, J. As a result of two separate but closely related incidents in Pittsfield on November 1, 1979, the defendant was charged under eight indictments. A jury convicted him of assault and battery by means of a dangerous weapon (a club) upon one David Sinopoli and of wilful and malicious injury to personal property, to wit, a truck, of the value of more than one hundred dollars, the property of Gene Sayers. He was acquitted on six indictments, three that charged assault with intent to murder and three that charged assault with a dangerous weapon (a gun). By their verdicts, the jury indicated that they found the defendant guilty as to his participation in a fight that occurred in a street, but not guilty of involvement in a chase after the fight. On appeal, the defendant raises several issues, alleging that the trial judge erred, (1) in denying motions for required findings of not guilty; (2) in instructing the jury as to the essential elements of the crimes, and failing to instruct the jury, sua sponte, as to certain defenses; (3) in considering the defendant's default during trial as a factor with respect to sentencing; (4) in refusing, because of the default, to give the defendant credit for time spent in jail. The defendant also claims ineffective assistance of counsel. We note that most of the issues raised by appellate counsel were not the subject of an objection by trial counsel. We discuss the issues seriatim.

1. *Denial of motions for required findings of not guilty.* The defendant filed motions for required findings of not

guilty at the close of the Commonwealth's case. Mass. R. Crim. P. 25(a), 378 Mass. 896 (1979). The judge denied the motions, and we must sustain his denials if "there was enough evidence that could have satisfied a rational [jury] of each [essential] element [of the offense] beyond a reasonable doubt." *Commonwealth* v. *Latimore,* 378 Mass. 671, 677-678 (1979). We shall focus our examination on the evidence introduced "up to the time that the Commonwealth rested its case" (*Commonwealth* v. *Kelley,* 370 Mass. 147, 150 [1976]), and our analysis of the evidence will be in the light most favorable to the Commonwealth at the close of its case. *Commonwealth* v. *Fluker,* 377 Mass. 123, 128 (1979). Inferences "that are not too remote according to the usual course of events" may be considered. *Commonwealth* v. *Latimore,* 378 Mass. at 676. Our summary of the evidence at this point concerns only the evidence as to the fight. We shall refer to other evidence during the course of this opinion when it is necessary in order to dispose of the defendant's other claims.

During the evening of November 1, 1979, three men, Sinopoli, Sayers, and William Descelles, were "bar hopping" in Pittsfield. Around 11:00 P.M. they became involved in an argument with a street gang, and Sinopoli became embroiled in a fist fight with a member of the gang. No weapons were used during the fight. While the fight was in progress the defendant, not a member of the gang, stopped his van, got out and told Sayers that he would shoot him and his friends if they did not leave. The defendant then ran over and tried to pull Sinopoli off the person with whom he was fighting, ran back to his van, and returned to the fight with a club. He struck Sinopoli two or three times with the club and threatened him if he should not leave. Sinopoli ran back to Sayers' truck, and the defendant struck the truck's windshield twice with the club, breaking the windshield in two places.

In regard to his motion for required finding on the indictment charging assault and battery by means of a dangerous weapon the defendant argues that since the substance of the

testimony of all the Commonwealth's evidence was that the defendant struck Sinopoli in defense of a third party, the Commonwealth, on its own case, was obligated to prove beyond a reasonable doubt that the defendant's acts were not so justified. Taking the evidence in the light most favorable to the Commonwealth, as we must, we hold that "defense of another" was not raised as an issue on the Commonwealth's case. The evidence was insufficient to warrant a finding that the use of a club was necessary to defend the person with whom Sinopoli was fighting and we note that the "defense of another" does not sanction the use of punitive force. *Commonwealth* v. *Monico,* 373 Mass. 298, 303 (1977).[1]

As to the indictment that charged wilful and malicious injury to personal property of the value of more than one hundred dollars, the defendant contends that the motion for a required finding should have been allowed because the Commonwealth failed to produce any evidence as to the value of the truck. The motion was properly denied for reasons explained in part 3 of this opinion. There was evidence from which the jury could have inferred that the truck was worth more than one hundred dollars; therefore it was not necessary that the judge strike the allegation that the value was more than one hundred dollars before submitting the case to the jury. *Commonwealth* v. *Hosman,* 257 Mass. 379, 386 (1926).

2. *The alleged failure to instruct as to certain defenses.* The defendant alleges error in the judge's not instructing the jury, sua sponte, as to defense of another and as to the justified use of force to defend personal property. The judge was not requested so to instruct, nor was any objection

---

[1] A similar contention as to self-defense was rejected by the Supreme Judicial Court in *Commonwealth* v. *Fluker,* 377 Mass. 123, 127-129 (1979). In that case, the court stated that the issue of self-defense was raised on the Commonwealth's case but held that the sole question raised on a motion for required finding of not guilty is whether the evidence, considered in the light most favorable to the Commonwealth, is sufficient to permit the jury to infer the essential elements of the crime.

taken to his failure to include instructions on these topics. We note that appellate counsel for the defendant has failed to heed the admonition of the Supreme Judicial Court that "appellate review . . . is [not] intended to afford an opportunity, from the vantage point of hindsight, [for appellate counsel] to comb the trial record for interesting questions which could have been, but in fact were not, raised at the trial, *or to attempt to convert the consequences of unsuccessful trial tactics and strategy into alleged errors by the judge*" (emphasis original). *Commonwealth* v. *Lee,* 383 Mass. 507, 512 (1981). The language of the Supreme Judicial Court extends to a situation in which the defendant is represented on appeal by counsel other than the one who represented him at trial. *Id.* We have reviewed the evidence presented by the defendant in light of the claimed error, and we hold that there was no obligation on the judge to instruct the jury, on his own, as to the matters now advanced by appellate counsel. We shall discuss the defendant's contentions again when we consider the claim of ineffective assistance of counsel.

3. *The claim that the judge misinstructed the jury as to the offenses.* The defendant claims that on the indictment which charged assault and battery by means of a dangerous weapon the judge did not instruct the jury that in order to convict they must specifically find that it was Sinopoli who was the object of the attack. We hold that the judge's instructions were sufficient.

In regard to the other indictment on which the defendant was convicted, he claims that the judge erred in failing to instruct the jury that an essential element of the offense was that the value of the property injured must be more than one hundred dollars. General Laws c. 266, § 127, as appearing in St. 1978, c. 544,[2] creates and defines, among

---

[2] General Laws c. 266, § 127, as so appearing, provides as follows: "Whoever destroys and injures the personal property, dwelling house or building of another in any manner or by any means not particularly described or mentioned in this chapter shall, if such destruction or injury is wilful and malicious, be punished by imprisonment in the state prison for

other things, the offense of wilful and malicious destruction of or injury to personal property.[3] Whether the offense is punishable by a maximum sentence of ten years in State prison or by a maximum sentence of three months in a house of correction depends upon the presence or absence in the charging document of an allegation that the value of the property so destroyed or injured is more than one hundred dollars.[4] If there is such an allegation, it must be proved and the jury must be instructed that they must determine the value of the property so destroyed or injured if they find the defendant guilty of wilful and malicious destruction or injury to personal property. Although the evidence in this case warranted a finding that the value of the property so destroyed or injured was more than one hundred dollars, the jury were not instructed on this point, and the defendant was found guilty and sentenced for causing injury to personal property of the value of more than one hundred dollars.[5] This was error and we hold, in these circum-

---

not more than ten years or by a fine of three thousand dollars or three times the value of the property so destroyed or injured, whichever is greater and imprisonment in jail for not more than three years; or if such destruction or injury is wanton, shall be punished by a fine of fifteen hundred dollars or three times the value of the property so destroyed or injured, whichever is greater, or by imprisonment for not more than three years; if the value of the property so destroyed or injured is not alleged to exceed one hundred dollars, the punishment shall be by a fine of three times the value of the damage or injury to such property or by imprisonment for not more than three months; provided, however, that where a fine is levied pursuant to the value of the property destroyed or injured, the court shall, after conviction, conduct an evidentiary hearing to ascertain the value of the property so destroyed or injured."

[3] The statute also provides punishment for the wanton destruction or injury to personal property, but that offense is not pertinent to our discussion.

[4] The defendant also argues that under G. L. c. 266, § 127, it is the value of the *damage* to personal property that must exceed one hundred dollars and not the value of the personal property, so destroyed or injured. Because of our holding we do not reach this contention.

[5] The defendant received a sentence of three to five years in M.C.I., Walpole, concurrent with a like sentence for the assault and battery by means of a dangerous weapon.

stances, that the conviction shall stand but that the defendant must be resentenced for a period not to exceed three months in a house of correction. See *Commonwealth* v. *Lawless,* 103 Mass. 425, 432-434 (1869); *Commonwealth* v. *Novicki,* 324 Mass. 461, 467 (1949); *Commonwealth* v. *Franks,* 365 Mass. 74, 81 (1974).

4. *Ineffective assistance of counsel.* Despite the fact that the jury acquitted the defendant on six of the eight indictments, the defendant contends that he was ineffectively assisted by counsel. The defendant claims that counsel was ineffective in that he failed to request instructions as to "virtually every applicable defense," failed to move to strike aliases from the indictments, and failed to object to questions in regard to the aliases asked by the prosecutor of the defendant. The defense at the trial was based on the theory of self-defense as to the assault and battery by means of a dangerous weapon, and the judge so charged the jury. The Commonwealth also claimed that the defendant, in his van, pursued Sinopoli, Sayers and Descelles and fired two shots at them. The defendant admitted that the shots were fired but claimed that a stranger named "Jim" fired them. Trial counsel is faulted by the defendant for not seeking instructions as to the defense of another and justified use of force to defend personal property as to the indictment that charged wilful and malicious injury. Without deciding whether the defenses were available, we hold that trial counsel was not ineffective in the respect contended. We are reviewing tactics and strategy of counsel which resulted in acquittals on six of the eight indictments. When arguably reasoned tactical or strategic judgments of a lawyer are called into question, in order to find ineffective assistance of counsel, "we require that such judgments be [shown to be] 'manifestly unreasonable.'" *Commonwealth* v. *Rondeau,* 378 Mass. 408, 413 (1979), quoting from *Commonwealth* v. *Adams,* 374 Mass. 722, 728 (1978). At the start of the trial defense counsel was faced with enormous difficulties not caused by any inadequacy on his part but rather by weakness in the facts in regard to the defendant's actions on November 1,

1979, and subsequent to that date.[6]  If defense counsel had adopted the line of multiple defenses now being advocated by the defendant as to the encounter in the street, it could have had a harmful effect as to his defense in regard to the serious indictments involving the chase.  See *Reddick* v. *Commonwealth*, 381 Mass. 398, 406-407 (1980).  Under the two-step inquiry relative to ineffective assistance of counsel, a defendant must show both (1) "that the conduct of his trial counsel fell 'measurably below that which might be expected from an ordinary fallible lawyer,'" *Commonwealth* v. *Mercado*, 383 Mass. 520, 526 (1981), quoting from *Commonwealth* v. *Saferian*, 366 Mass. 89 (1974), and (2) "that prejudice resulted therefrom," *Commonwealth* v. *Sellon*, 380 Mass. 220, 223 (1980).  Here the defendant fails in both respects.

In regard to the aliases, it has been held that "it is not a desirable practice to include in an indictment numerous aliases which are not an allegation of a necessary element of the crime charged or which are not required for the establishment of the identity of the defendant, even though, as here, the actual names are harmless in themselves".  *Commonwealth* v. *Torrealba*, 316 Mass. 24, 26 (1944).[7]  There was evidence that the defendant had used the names of "J.D. Osborne" and "Lee Barrett" after he had left the jurisdiction.  The Commonwealth had the right to argue that the jury could consider the use of false names after he left the jurisdiction as evidence of consciousness of guilt.  We disapprove of the prosecutor's asking the defendant if he had used nine different aliases, but in view of the verdicts of acquittal, we hold that the defendant was not prejudiced.  *United States* v. *Clark*, 541 F. 2d 1016 (4th Cir. 1976).

5. *Other claims of the defendant.*  The record does not show that the judge, in sentencing the defendant, consid-

---

[6] The defendant left the jurisdiction after November 1, 1979, and was arrested in Arizona months later, where he was using another name.

[7] The indictments read "Eric Walters a/k/a J.D. Osborne a/k/a Lee Barrett."

ered the default of the defendant during jury deliberations. The defendant was confined for eighteen days after his surrender on the default warrant up to the day of sentencing. Because the judge did not have the benefit of our recent decision in *Commonwealth* v. *Aquafresca,* 11 Mass. App. Ct. 975 (1981), the defendant did not receive credit for time spent in jail. On remand, he should receive an eighteen-day credit toward both sentences.

The judgment as to the indictment that charged assault and battery by means of a dangerous weapon is affirmed. The judgment on the indictment that charged wilful and malicious injury to personal property of the value of more than one hundred dollars is vacated and the case is remanded to the Superior Court for resentencing the defendant as upon a verdict of guilty of wilful and malicious injury to personal property. The defendant is to be given eighteen days' credit on each sentence for the time he was confined on the default.

*So ordered.*