COMMONWEALTH *vs.* PATRICK F. MORRILL. November 3, 1982. The defendant appeals from his convictions on two indictments charging wanton destruction of personal property and one indictment charging assault and battery by means of a dangerous weapon. Rocks had been thrown from a bridge over a highway and one had hit the roof of a car passing underneath. The defendant's arguments center on the question whether the evidence presented was sufficient to permit a jury to infer beyond a reasonable doubt that the defendant, as a joint venturer, had committed all the essential elements of the offenses. We think that there is adequate support in the record to sustain the judge's rulings.

1. *Motion for required finding of not guilty.* The primary thrust of the defendant's argument here goes to an attack on the visual acuity of the key Commonwealth witness whose initial identification of the defendant was based on an observation made at a distance "of about 500 yards." In support of this argument, the defendant urges that we adopt the rationale utilized by the North Carolina Supreme Court in a similar situation. See *State* v. *Miller,* 270 N.C. 726 (1967) (where physical conditions make testimony of identity inherently incredible, the court may properly determine that such testimony has no probative force).

We decline the invitation, as such a ruling would not be warranted in the circumstances of this case. The witness testified that after the incident she saw the facial profile of a person wearing a "kelly green sweatshirt" jumping up and down on the bridge. At a showup conducted by the police about 500 feet from the bridge and approximately five minutes after the incident, she identified the defendant, who was wearing a "kelly green sweatshirt," as the person she saw on the bridge. A security guard testified for the Commonwealth that upon hearing "an awful noise" which sounded like someone had hit one of the cars in his company's lot,

he immediately went outside to investigate. As he rushed to the lot he observed five youths on the bridge. After inspecting the cars parked near the bridge for damage, the guard followed the youths' path of travel on closed circuit television. The youths "were all travelling together." All five crossed the bridge and walked "fairly quickly" toward the place where the police showup occurred. One youth was taller than the others and was wearing a "kelly green sweatshirt." We conclude that this evidence was sufficient to meet the test of *Commonwealth* v. *Latimore*, 378 Mass. 671 (1979), and its progeny.

2. *Postverdict motion for required finding of not guilty.* Unlike a motion for a required finding of not guilty made at the close of the Commonwealth's evidence, here the judge is to act on the basis of all the evidence. See Mass.R.Crim.P. 25(b)(2), 378 Mass. 896 (1979). As the defendant admitted to having been on the bridge, the pivotal issue here is whether the jury were warranted in finding that the defendant was a joint venturer in the offenses, i.e., throwing a rock from a bridge. The defendant testified that he disassociated himself from any rock throwing by leaving the group of youths and was walking so far ahead that he could not hear what was being said by the others. This testimony was contradicted by the security guard who stated that all five youths were walking fairly quickly and together. The woman passenger testified that she saw the defendant jumping up and down and heard laughter coming from the bridge shortly after a rock hit the roof of the car in which she was riding. From this evidence we think that the jury properly could infer that the defendant "aid[ed], command[ed], counsel[ed], or encourag[ed] commission of a crime while sharing with the principal the mental state required for the crime." *Commonwealth* v. *Soares*, 377 Mass. 461, 470 (1979). See *Commonwealth* v. *Ronayne*, 8 Mass. App. Ct. 421, 424-425 (1979), and cases cited.

*Judgments affirmed.*

*John P. Courtney* for the defendant.

*Lynn Morrill Turcotte,* Assistant District Attorney, for the Commonwealth.