COMMONWEALTH *vs.* MICHAEL ARMAND.

Essex. September 4, 1991. - November 12, 1991.

Present: LIACOS, C.J., NOLAN, O'CONNOR, & GREANEY, JJ.

*Destruction of Property. Intent. Practice, Criminal,* Questioning of witness by judge, Waiver of trial by jury, Agreement between prosecutor and defendant, Disqualification of judge.

At the trial of a complaint for wilful and malicious destruction of personal property in which the Commonwealth proceeded against the defendant on a joint venture theory, the defendant was entitled to a required finding of not guilty where the Commonwealth's evidence was speculative with respect to the elements of wilfulness and malice. [169-171]

At a criminal trial, the judge's questioning of the defendant at the conclusion of the defendant's testimony was not demonstrated to have been unduly extensive or prejudicial so as to infringe the defendant's right to a fair trial. [171]

At a criminal trial in a District Court, proceeding under St. 1986, c. 537, the defendant's written waiver of jury trial was valid and no provision of the applicable rules of procedure required that the trial judge, after declining to accept an agreed-upon recommendation for disposition, afford the defendant an opportunity to revoke the waiver at the time of trial or upon motion after the trial. [172-175]

On his appeal from criminal convictions a defendant demonstrated no reason for the judge to have recused himself on his own motion. [175-176]

COMPLAINT received and sworn to in the Newburyport Division of the District Court Department on August 10, 1989.

The case was heard by *James J. O'Leary*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Mary F. Costello* for the defendant.

*Robert J. Bender*, Assistant District Attorney, for the Commonwealth.

GREANEY, J. The defendant was convicted after a jury-waived trial in the Newburyport Division of the District

Court Department of two counts of assault and battery, G. L. c. 265, § 13A (1990 ed.), and one count of wilful and malicious destruction of personal property, G. L. c. 266, § 127 (1990 ed.). Represented by new counsel on appeal, the defendant claims error in the denial of his motion for a required finding of not guilty on the wilful and malicious destruction charge, and in the judge's questioning of him · at trial. The defendant also raises certain procedural claims concerning the disposition of his case under the experimental one-trial system for District Court criminal cases now in effect in Essex and Hampden Counties. We transferred the case to this court on our own motion. We conclude that the defendant was entitled to the allowance of his motion for a required finding of not guilty on the wilful and malicious destruction charge and, consequently, reverse that judgment. We find no other basis of error and affirm the judgments on the assault and battery charges.

1. At the conclusion of the Commonwealth's case, the defendant's trial counsel moved pursuant to Mass. R. Crim. P. 25 (a), 378 Mass. 896 (1979), for required findings of not guilty on the wilful and malicious destruction charge and on a charge of assault and battery by means of a dangerous weapon. The judge denied the motion as to the wilful and malicious destruction charge, and the defendant now argues that it was error to do so. (The judge allowed the defendant's motion for a required finding of not guilty on the charge of assault and battery by means of a dangerous weapon.)

The evidence in the Commonwealth's case was as follows. At about 1:45 A.M. on June 24, 1989, the victims, David Rehe and Francis Bradley, were riding together at Salisbury Beach in Salisbury, in Rehe's Mazda automobile. On North End Boulevard, a Camaro automobile carrying four men[1] pulled along the driver's side of Rehe's car, and its front seat passenger began to swear at Rehe. Rehe slowed down to let

---

[1]The Camaro was driven by Barry Longshaw, and the defendant was in the rear passenger seat behind Longshaw. Two other young men (Craig Tourvelle and Mark Duchamel) were also in the Camaro.

the Camaro pass and saw a beer can fly out of the Camaro and bounce across his windshield. Rehe passed the Camaro, and in turn the Camaro passed him, then stopped, forcing him to stop. Rehe yelled to the Camaro's driver to move, then froze when both doors of the Camaro opened and its four occupants ran back to his car, two coming to each side of the Mazda.

The driver and the defendant came to Rehe's door and began to punch him through the open window. They pulled Rehe from his car and struck him in the ribs, back, and face. Rehe's passenger, Francis Bradley, saw Tourvelle go around the car, lean into Rehe's car from the driver's side, and try to pull the keys from the ignition. Bradley tried to pull Tourvelle's hands away from the steering column, but was dragged out of the passenger side of Rehe's car. Bradley saw that, during the scuffle, Tourvelle had pulled a control arm from the steering column.

Bradley fought with Duchamel until the defendant came to the passenger side of the Mazda. The defendant punched Bradley in the face. When Bradley tried to retreat inside Rehe's car, Tourvelle (who was now on the passenger side of the Mazda) slammed the passenger door on Bradley's leg repeatedly and kicked Bradley in the face. At this point, the defendant, and the others from the Camaro, returned to their car and left Rehe and Bradley beaten and injured. The State trooper who responded to the scene confirmed that Rehe's keys had been taken, observed that a control arm on the steering column had been broken off, noted that the passenger door was bent, and spotted footprints across the hood of Rehe's car. Neither victim saw the defendant do any damage to the car.

On review of the defendant's motion for a required finding, we determine "whether the evidence offered by the Commonwealth, together with reasonable inferences therefrom, when viewed in its light most favorable to the Commonwealth, was sufficient to persuade a rational jury beyond a reasonable doubt of the existence of every element of the crime charged." *Commonwealth* v. *Campbell*, 378 Mass. 680, 686

(1979). "[I]t is not enough for the appellate court to find that there was some record evidence, however slight, to support each essential element of the offense." *Commonwealth v. Latimore*, 378 Mass. 671, 677 (1979). Nor may a conviction rest upon the piling of inference upon inference or conjecture and speculation. *Commonwealth* v. *Ferguson*, 384 Mass. 13, 18 (1981).

The Commonwealth proceeded on the theory that the defendant had participated with three others, Barry Longshaw, Craig Tourvelle, and Mark Duchamel, in committing all the crimes. To establish the defendant's guilt on the wilful and malicious destruction charge, the Commonwealth had to prove that the defendant, in addition to participation in the venture, had or shared the requisite mental state for that crime. Wilful and malicious destruction of property (G. L. c. 266, § 127) is a specific intent crime. Wilfulness requires a showing that the defendant intended both the conduct and its harmful consequences, *Commonwealth v. Schuchardt*, 408 Mass. 347, 352 (1990); wilful conduct is "intentional and by design in contrast to that which is thoughtless or accidental." *Commonwealth* v. *Peruzzi*, 15 Mass. App. Ct. 437, 443 (1983), quoting J.R. Nolan, Criminal Law § 427, at 259 (1976). Malice requires a showing that the defendant's conduct was "motivated by 'cruelty, hostility or revenge.'" *Commonwealth* v. *Schuchardt, supra,* quoting *Commonwealth* v. *Peruzzi, supra.* The Commonwealth's evidence must be sufficient to persuade the fact finder beyond a reasonable doubt of the existence of both elements before a conviction of wilful and malicious destruction can be sustained.

The evidence indicated that the damage to the control arm and the passenger side door of Rehe's Mazda was done by Tourvelle as he tried to remove the keys from the Mazda and later attempted to prevent Bradley from sheltering himself in the car. The defendant was not seen participating in the acts that caused this damage. The defendant's principal goal in the venture appears from the evidence to have been to assist his three companions in getting both victims out of the car so they could be beaten, and to beat them. It is speculative on

the evidence whether the defendant knew what Tourvelle was going to do before Tourvelle actually did it, and, as a result, equally speculative whether he shared any malicious intent that Tourvelle may have had. There was, to be sure, among the members of the defendant's group an intent to attack the two victims and, if need be, to remove the victims forcibly from the car in order to effect the assaults. But, as has been indicated, the charge of wilful and malicious destruction requires proof of specific intent in terms of both wilful and malicious action. We do not think that the evidence pertaining to the defendant satisfactorily demonstrated both elements. The Commonwealth's evidence tended more to show the defendant's participation in wanton destruction of property under the part of G. L. c. 266, § 127, that punishes that type of conduct. Wanton destruction differs substantially from wilful and malicious destruction in that wanton destruction requires only a showing that the actor's conduct was indifferent to, or in disregard of, probable consequences. See *Commonwealth* v. *Schuchardt, supra* at 351. This offense, however, was not charged. The defendant is entitled to a required finding of not guilty on the charge of wilful and malicious destruction of personal property.

2. The defendant testified at trial. At the conclusion of his testimony, the judge questioned the defendant about his role in the incident. The defendant argues that the judge's questioning of him was prejudicial. No objection to the questioning was made by the defendant's trial counsel. We reject the defendant's argument.

The judge's examination of the defendant in this case was an attempt by the judge to clarify some details of the altercation. Our review of the questioning shows it to be neither unduly extensive nor prejudicial. In view of the failure of the defendant's trial counsel to object to the judge's questioning, or to conduct any further examination of the defendant when the judge had finished, and the failure of the defendant's appellate counsel to point out in any concrete way how the questioning might have harmed the defendant, we discern no infringement on the defendant's right to a fair trial.

3. The defendant's remaining claims concern the disposition of his case under the provisions of St. 1986, c. 537, "An Act establishing a one trial system for criminal cases in Essex and Hampden Counties," and the special and the supplemental District Court rules of criminal procedure that implement this system.

(a) The defendant's first issue concerns the propriety of his jury waiver. The defendant was arraigned on September 12, 1989, on four charges: assault and battery by means of a dangerous weapon, two counts of assault and battery, and wilful and malicious destruction of property. Pretrial conferences were held on October 4, 1989, and November 20, 1989. On December 13, 1989, the defendant filed a written waiver of his right to trial by jury on a prepared District Court form which stated that it was "[f]or use in cases governed by the one-trial procedure. St. 1986, c. 537."[2] The defendant was represented by counsel when he executed the waiver. The case was then scheduled for trial without a jury.

On January 22, 1990, the day of trial, the defendant and the prosecutor agreed upon a joint recommendation for disposition and sentence by which the defendant would plead guilty to two assault and battery counts and would make restitution in the amount of $218. In exchange, he would receive suspended sentences for the two assault and battery convictions and the other charges would be dismissed. After reviewing the police report of the incident and the defendant's criminal record, the judge stated that he would not ac-

---

[2]The waiver stated as follows:

"I, the above-named defendant, have been given notice of my right to have a jury trial. I understand this notice. I hereby waive my right to a jury trial on the complaint specified above."

The record does not indicate that, in connection with acceptance of the waiver, there was compliance with Rule 10 of the District Court Department Supplemental Rules of Criminal Procedure (1991) (Supplemental Rules) pertaining to the receipt of assurances that the waiver was voluntarily and knowingly made (special procedures for criminal cases in Essex and Hampden Counties). The defendant, however, makes no contention that his jury waiver was uninformed or involuntary.

cept the joint recommendation, and he indicated that the trial would take place immediately. The defendant's trial counsel neither moved to revoke the defendant's jury waiver nor objected to the case going to immediate trial. The trial proceeded before the same judge, where, as has been noted above, the defendant was found guilty of two counts of assault and battery and the count of wilful and malicious destruction of property. The judge imposed sentences of six months in a house of correction on each conviction, the sentences to run concurrently.

The defendant filed a posttrial motion to "revoke filing of jury waiver and request trial by jury" dated January 29, 1990. On February 6, 1990, he filed a notice of appeal from the judgments of conviction and a motion to stay execution. At a hearing on the motions held on February 12, 1990, the judge allowed the motion to stay execution, but he denied the motion to revoke the jury waiver.[3]

The defendant now argues that, at the time the judge refused to accept the agreed disposition and sentence recommendation, he was required to afford the defendant an opportunity to revoke his jury waiver. In support of his argument, the defendant refers to Rule 3 (d) of the Special Rules of Criminal Procedure for District Court Criminal Cases in Essex and Hampden Counties (1991) (Special Rules), which provides, in pertinent part, that "[i]f a defendant withdraws a plea of guilty . . . the case may be advanced for defendant's determination on whether to waive jury trial." The judge, according to the defendant, erred in not extending this option at the time of trial, and also in denying the defendant's posttrial motion to revoke his waiver. We disagree with the defendant's contentions.

Unlike the procedure in other District Courts, where a defendant may receive both a bench trial and a de novo trial in

---

[3]The judge appears to have treated his order denying the motion to revoke as encompassing an objection by the defendant to the order and a claim of appeal. We assume that the issue of the propriety of the denial of motion is properly before us notwithstanding the lack of a clear notice of appeal by the defendant from its denial.

a jury session, in the District Courts in Essex and Hampden Counties, a defendant receives one trial, which "shall be by a jury of six, unless the defendant files a written waiver and consent to be tried by the court without a jury." St. 1986, c. 537, § 8. Under the statute regulating this one-trial·system, a defendant has a right to delay the decision on a jury waiver.[4] Section 8 of c. 537 provides that no decision on waiver of a jury may be required until completion of the pretrial conference and compliance with any discovery motions. Section 11 provides that the defendant may, as of right, waive a jury trial at any time before the case is transferred for jury trial, and may still waive a jury trial, with consent of the court, so long as a jury have not·yet been empanelled. See Special Rule 7 (1991). In addition to these statutory rights, Supplemental Rule 10 (b) allows a defendant to delay the decision on waiver until "after completion of the guilty plea or admission procedure, if any, and withdrawal of the plea or admission, if any."

The upshot of the provisions set forth above is that a defendant in a District Court in Essex and Hampden Counties who is engaging in discussions about a disposition of the case short of trial may choose to defer his decision to waive a jury trial until such time as a judge refuses to accept any agreed on recommendation for disposition. There is nothing, however, either in the statute or the implementing rules, which prevents a defendant from choosing prior to the time of a judge's action on a proposed disposition to waive his right to a jury trial so long as his waiver is otherwise knowing and voluntary. There is also no requirement in Special Rule 3 (d) that the judge who refuses to accept an agreed-upon recommendation for disposition must afford a defendant who has already waived a jury trial the opportunity to in effect

---

[4]In contrast, under the de novo system, a defendant must decide at arraignment whether to seek a jury trial in the first instance, unless the judge allows further time. If the defendant does not seek a first instance jury trial, the defendant receives a trial before a judge, and if not satisfied with the results of that trial, the right to appeal and obtain a new trial before a jury. See Supplemental Rule 2 (A) (1991).

"waive" the waiver.[5] As has been indicated, there is nothing in this record to show that the defendant's jury waiver was substantively invalid. Had the defendant wished to retain his right to a jury trial, he only had to decline to waive that right until he was compelled to make a choice after the judge's rejection of the proposed disposition. While we expect most cases involving agreed-upon dispositions under the Essex and Hampden Counties procedures will proceed without an early waiver, and more precisely in accord with the provisions of the statute and rules stated above, there is no reason to set aside the waiver in this case. It follows from what has been said that the judge's denial of the defendant's posttrial motion to revoke his jury waiver has also not been shown to involve error.

(b) The defendant maintains that he was denied a fair trial because, prior to trial, in connection with the judge's rejection of the agreed-upon recommendation as to disposition, the judge had read the police report of the incident and looked at the defendant's criminal record. The defendant argues that the judge was required to recuse himself sua sponte. We disagree.

Neither the police report nor the defendant's criminal record has been made a part of the record on appeal. There is, therefore, no basis to evaluate the defendant's claim that he was prejudiced by reason of the judge's receiving extraneous information outside of the evidence at trial. Further, there was no objection by the defendant's trial counsel to the judge's hearing the case, and the defendant did not avail himself of the option afforded to a defendant by St. 1986, c. 537, § 8, to be tried before a judge who had not considered and rejected the plea agreement. As a consequence, no rea-

---

[5]The defendant also argues that the judge violated Special Rule 3 (c) (6) (1991), which requires a judge, upon a determination that he will impose a sentence that will exceed an agreed recommendation, to afford the defendant an opportunity to withdraw his plea or admission. The defendant did not explicitly withdraw his offer to plead, but, in the absence of an objection from the defendant's trial counsel, the judge's action in setting the case for immediate trial had the effect of withdrawing the plea offer.

son for recusal has been demonstrated. Cf. *Commonwealth* v. *Adams*, 389 Mass. 265, 273-274 (1983); *Commonwealth* v. *Coyne*, 372 Mass. 599, 601-604 (1977).

The judgment on the defendant's conviction of wilful and malicious destruction of personal property is reversed and the finding is set aside. On that charge judgment is to enter for the defendant. The judgments on the defendant's convictions of assault and battery are affirmed.

*So ordered.*