COMMONWEALTH *vs.* IGNATIUS CIMINO. No. 91-P-1302. April 28, 1993. *Destruction of Property. Intent. Words,* "Wilful and malicious."

A complaint in the Lawrence District Court charged the defendant Ignatius Cimino in seventeen counts with the wilful and malicious destruction or injury of seventeen respective items of property, each having a value exceeding $250. See G. L. c. 266, § 127, as amended through St. 1987, c. 468, § 5, set out in the margin.[1]

Upon bench trial, Anthony Simone, a Methuen police officer, testified thus. At 5:29 A.M., October 6, 1990, Simone, on cruiser patrol, responding to a radio call, observed an Eldorado automobile parked on Oakside Ave-

---

[1]"Whoever destroys or injures the personal property, dwelling house or building of another in any manner or by any means not particularly described or mentioned in this chapter shall, if such destruction or injury is wilful and malicious, be punished by imprisonment in the state prison for not more than ten years or by a fine of three thousand dollars or three times the value of the property so destroyed or injured, whichever is greater and imprisonment in jail for not more than two and one-half years; or if such destruction or injury is wanton, shall be punished by a fine of fifteen hundred dollars or three times the value of the property so destroyed or injured, whichever is greater, or by imprisonment for not more than two and one-half years; if the value of the property so destroyed or injured is not alleged to exceed two hundred and fifty dollars, the punishment shall be by a fine of three times the value of the damage or injury to such property or by imprisonment for not more than two and one-half months; provided, however, that where a fine is levied pursuant to the value of the property destroyed or injured, the court shall, after conviction, conduct an evidentiary hearing to ascertain the value of the property so destroyed or injured."

nue which had evidently been struck through one of its windows with BB-gun pellets. After speaking with an eyewitness to the shooting, Simone drove further down the street and saw another car, parked on the same side as the Eldorado, with a window similarly struck. Simone spoke again to the eyewitness and in consequence left to look for a certain vehicle, presumably the one involved in the drive-by shooting of the Eldorado. Within the hour, Simone located on Plossom Court the described car, with BB pellets on the floor and broken glass on front and back seats. Simone ran the car's registration and found that the car was parked in front of the owner's house. He roused this person from bed; after Miranda warnings, the man admitted he had gone on a shooting round in the car with three or four friends. Arrested on the spot, he drew from the trunk of the car a BB pistol and pellets; and at the police station, after being booked, he named his companions. Simone made contact with these men.

On October 12, the defendant came voluntarily to the police station for questioning. After warnings, he confirmed his participation in the October 7 shooting round in the Methuen-Lawrence area. He said the occupants of the car had taken turns shooting out the windows of parked cars. Specifically, the defendant had himself accounted for the windows of two cars on Arnold Street, and he was in the car while the others performed.[2] In further testimony, Simone said that in the morning of October 7 he had tracked a total of seventeen cars, located within a certain circumference of the area, with windows damaged, and he would say, on the basis of his experience, that the damages had been caused in the same interval of time and by the same method as the damages to the two cars first observed.[3] There was further corroborative testimony by one Allen Briggs who on the morning had witnessed a BB shooting of a car on Center Street.

The evidence was enough to find the defendant guilty of an offense under § 127: guilty on his own account regarding two of the cars, and as a coventurer with the other like-minded, like-acting men on the spree with respect to the other cars. See *Commonwealth* v. *Soares*, 377 Mass. 461, 470, cert. denied, 444 U.S. 881 (1979).

1. But which of the offenses named in § 127? Attacking the denial of his motion for a required finding of not guilty on all the counts, the defendant urged that the evidence did not establish "wilful and malicious" destruction or injury of property. It would not matter that the evidence could establish "wanton" destruction or injury, since the "wanton" offense

---

[2]This confession found ample corroboration in other evidence within the rule of cases such as *Commonwealth* v. *Forde*, 392 Mass. 453, 458 (1984), *Commonwealth* v. *Leonard*, 401 Mass. 470, 472-473 (1988), and *Commonwealth* v. *McNelley*, 28 Mass. App. Ct. 985, 987 (1990).

[3]Here the officer was testifying within his proper range. See *Commonwealth* v. *Johnson*, 413 Mass. 598, 603-604 (1992). For the dangers involved in permitting police officers to give opinion testimony beyond their practical expertness, consider Note, The Admissibility of Ultimate Issue Expert Testimony by Law Enforcement Officers in Criminal Trials, 93 Colum. L. Rev. 231 (1993).

was not lesser-included in the "wilful and malicious" offense actually charged in the manifold complaint. See *Commonwealth* v. *Schuchardt*, 408 Mass. 347, 352 (1990).

The distinction between the two crimes has been discussed and analyzed recently in *Commonwealth* v. *Peruzzi*, 15 Mass. App. Ct. 437, 440-443 (1983), *Commonwealth* v. *Schuchardt*, 408 Mass. at 350-352, and *Commonwealth* v. *Armand*, 411 Mass. 167, 170-171 (1991), as well as in Nolan, Criminal Law § 427, at 325-327 (1988 & Supp. 1992). We need not traverse the same ground. The line cannot be located exactly; an approximation must do. In general terms, an actor is proved "wilful" if he or she "intended both the conduct and its harmful consequences; wilful conduct is 'intentional and by design in contrast to that which is thoughtless or accidental'" (citations omitted). *Commonwealth* v. *Armand*, 411 Mass. at 170. "Malice" requires a showing that the actor was "motivated by 'cruelty, hostility or revenge'" (citation omitted) *ibid.*, but this does not require, in the context of § 127, that the actor know who owned the property attacked, see *Commonwealth* v. *Hosman*, 257 Mass. 379, 384-385 (1926); *Commonwealth* v. *Peruzzi*, 15 Mass. App. Ct. at 442 n.4; the animus need not have so personalized an object.

Take the facts as one can raise them from *Commonwealth* v. *Morrill*, 14 Mass. App. Ct. 1003 (1982). Some youths threw rocks from a bridge, and one struck a car passing below. If the rocks were thrown casually, without thought of striking any cars, the offense might be in the wanton category (and, in fact, that was charged in *Morrill*); had the rocks been aimed at passing cars, and one or more hit, there would be wilful and malicious crime. So there is in the present case, where the defendant and the others aimed the BB pistol and hit their targets.

The decided cases arrange themselves pretty well around the polar types. Wilful and malicious destruction proved: *Commonwealth* v. *Hosman*, 257 Mass. at 384-385; *Commonwealth* v. *Walters*, 12 Mass. App. Ct. 389, 391-392 (1981). Wilful and malicious conduct not proved: *Commonwealth* v. *Armand*, 411 Mass. at 170-171; *Commonwealth* v. *Savoy*, 21 Mass. App. Ct. 519, 521-523 (1986); *Commonwealth* v. *Ruddock*, 25 Mass. App. Ct. 508, 512-514 (1988). Wanton destruction of property proved: *Commonwealth* v. *Pyburn*, 26 Mass. App. Ct. 967, 968 (1988); *Commonwealth* v. *Morrill*, 14 Mass. App. Ct. at 1003-1004; cf. *Commonwealth* v. *Peruzzi*, 15 Mass. App. Ct. at 447. It is worth noting that destruction of property which accompanies even violent crime may not by that token alone qualify as wilful and malicious; an example is *Commonwealth* v. *Armand*, 411 Mass. at 169, 170-171.

2. Although proof of the crime was sufficient, the Commonwealth unfortunately ignored altogether the task, in connection with sentencing, to prove the value of more than $250 laid in each count of the complaint. Accordingly, the sentences imposed by the judge as though value exceed-

ing $250 had been proved must be vacated. The Commonwealth, if so advised, may apply for resentencing under the lighter provision of § 127 ("if the value of the property so destroyed or injured is not alleged to exceed [$250]," etc.). See *Commonwealth* v. *Hosman,* 257 Mass. at 385-386; *Commonwealth* v. *Walter,* 12 Mass. App. Ct. at 393-395; *Commonwealth* v. *Pyburn,* 26 Mass. App. Ct. at 969.

The convictions shall stand, but the sentences are vacated.

*So ordered.*

The case was submitted on briefs.
*Wimberley Burton* for the defendant.
*Kevin M. Burke,* District Attorney, *& Margaret J. Perry,* Assistant District Attorney, for the Commonwealth.