NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

14-P-1925                                        Appeals Court

COMMONWEALTH  vs.  NAKIA CHAMBERS.

No. 14-P-1925.

Suffolk.     January 29, 2016. - September 1, 2016.

Present:  Grainger, Hanlon, & Agnes, JJ.

Destruction of Property.  Wilful, Wanton, or Reckless Conduct.
    Practice, Criminal, Required finding, Lesser included
    offense, Instructions to jury.


Complaint received and sworn to in the Dorchester Division
of the Boston Municipal Court Department on January 2, 2014.

The case was tried before Jonathan R. Tynes, J.


Max Bauer for the defendant.
Kathryn Leary, Assistant District Attorney, for the
Commonwealth.


AGNES, J.  The defendant, Nakia Chambers, appeals from her
conviction of the misdemeanor offense of wilful and malicious
destruction of property with a value equal to or less than $250,
in violation of G. L. c. 266, § 127.  We agree with the
defendant that it was error to deny her motion for a required

finding at the close of the Commonwealth's case but, in the unusual circumstances of this case, we conclude that because the jury did not convict her of the offense as charged, instead returning a verdict on a lesser included offense that was supported by the evidence, the error was rendered harmless beyond a reasonable doubt.  See Commonwealth v. Lang, 24 Mass. App. Ct. 253, 259 (1987).  In view of the confusion that is evident in the record about the differentiation between the felony and the misdemeanor offenses set forth in G. L. c. 266, § 127, and the malice element required under two of the four offenses set forth in § 127, we take this opportunity to review the statute and the developments in the case law.

Background.  Viewing the evidence in the light most favorable to the Commonwealth, the jury were warranted in finding the following facts.  At the time of the events, the defendant resided in the third-floor apartment of 111 Fuller Street in the Dorchester section of Boston.  Mary Louise Brown and her daughter lived in the first-floor apartment, which they rented from the property owner, a bank.  Brown and the defendant had a hostile relationship due to disagreements regarding responsibility for trash collection in the building.  On the morning of December 17, 2013, Brown's vehicle was parked temporarily at the base of the driveway to 111 Fuller Street, blocking the exit to the street.  The defendant's vehicle was in

the driveway, so she asked for Brown to move her vehicle out of the way to allow the defendant to access the street. Brown, who was in her vehicle, said that she would move as soon as her daughter (who was inside the apartment) finished getting ready for work. The defendant, who had by then exited her vehicle, began cursing at Brown and kicking the door to the first-floor apartment. A few minutes later, the police arrived and asked Brown to move her vehicle. The defendant spat on Brown's car as she moved it. After the defendant had kicked the door, "the wood [of the doorframe] was completely shattered" and the door could not be locked. It took several days before the door could be repaired. While the Browns did not personally pay to repair the door, there was no evidence offered by the Commonwealth as to the cost of the repair.

The defendant was charged with the felony offense of malicious destruction of property with a value more than $250.

Motion for required finding of not guilty and charge conference. At the close of the Commonwealth's case, the defendant moved for a required finding of not guilty, contending that the Commonwealth failed to present evidence that the damage to the property was more than $250, and failed to meet its burden to prove that she had acted with malice toward the owner of the property. The motion was denied. The defendant did not present any evidence. During the ensuing discussion about the

jury instructions, the judge acknowledged that "there's no evidence of the value of the property, so . . . I think it can be considered on the lesser [included offense], . . . it'll just have to be the misdemeanor consideration. . . . I don't think it's an essential element in terms of the proof of the offense."[1] He further stated to counsel that he would include in the instruction that "[the Commonwealth has] to prove that it was either over $250 or under $250."[2] The defendant objected, arguing that the Commonwealth failed to sustain its burden on the crime charged, the felony count.

The judge instructed, in part, as follows:

"In order to prove the defendant guilty of this offense, the Commonwealth must prove four things beyond a reasonable doubt. First, that the defendant injured or destroyed the personal property of another. Second, that the defendant did so willfully. And third, that the defendant did so with malice. And fourth, that the amount of damage inflicted to the property was more than $250 or less than $250. . . .

---

[1] With respect to the crimes set forth in G. L. c. 266, § 127, the theory that the value of the property damaged is a matter for the judge in sentencing was explicitly rejected by the Supreme Judicial Court in Commonwealth v. Beale, 434 Mass. 1024, 1025 (2001). Relying on Apprendi v. New Jersey, 530 U.S. 466, 495 (2000), the court stated that "the value of the property must be treated as an element of the felony of malicious destruction of property, G. L. c. 266, § 127, and that a value in excess of $250 must be found by a jury beyond a reasonable doubt." Beale, supra.

[2] The judge declined to grant the defendant's request to omit altogether an instruction on the value of the property, because the judge feared it would have the effect of reducing the Commonwealth's burden of proof.

"An act is done with malice if it is done out of cruelty, hostility, or revenge.  To act with malice, one must . . . act not only deliberately, but out of hostility toward the owner of the property.  This does not require that the person committing this offense knew the identity of the owner, but it does require that she was hostile toward the owner, whoever, that was.

"If you determine that the Commonwealth has proved beyond a reasonable doubt that the defendant is guilty of willful and malicious destruction of property, you must go on to determine whether the Commonwealth has also proved beyond a reasonable doubt that the reasonable cost of repair of the damaged property, or the reasonable cost of replacement if it cannot be repaired, was in excess of $250."

Shortly thereafter, the judge attempted to clarify the element concerning the value of the property that was allegedly injured or destroyed by repeating his final sentence, supra, and adding previously agreed-upon language:

"If you determine that the Commonwealth has proved beyond a reasonable doubt that the defendant is guilty of willful and malicious destruction of property, you must go on to determine whether the Commonwealth has also proved beyond a reasonable doubt that the reasonable cost of repair of the damaged property, or the reasonable cost of replacement if it cannot be repaired, was in excess of $250 or less than $250" (emphasis supplied).

The instructions regarding the value of the property led to confusion when the time came for the jury to return their verdict in open court.

Clerk:  "What say you as to the complaint charging [the defendant] on malicious destruction of property over $250 -- excuse me.  What say you as to the complaint charging [the defendant] of malicious destruction of property?"
Foreperson:  "Guilty."
Clerk:  "Guilty to what?  As to malicious destruction of property in the amount of $250, over or under?"
Foreperson:  "Not guilty (indiscernible)."

Clerk:  "Over $250 or under $250?  Let me --
(indiscernible)."
Judge:  "Right.  I think it's -- I think if it's guilty
then it's -- if it's over $250.  Then it's -- and if it's -
- I believe it says not guilty as to that, correct?" . . .
Clerk:  "So it was less than $250?"
Judge:  "Right."
Clerk:  "So Mr. Foreman, you say the defendant is guilty of
malicious destruction of property of less than $250.  So
say you, Mr. Foreman?"
Foreperson:  "Yes."

The defendant then renewed her motion for a required finding of not guilty, which was denied.  The defendant was sentenced to a term of probation for one year.

Discussion.  a.  Crimes encompassed by G. L. c. 266, § 127. General Laws c. 266, § 127, as amended by St. 1987, c. 468, § 5, provides, in relevant part:

"Whoever destroys or injures the personal property,
dwelling house or building of another in any manner or by
any means not particularly described or mentioned in this
chapter shall, if such destruction or injury is wilful and
malicious, be punished by imprisonment in the state prison
for not more than ten years or by a fine of three thousand
dollars or three times the value of the property so
destroyed or injured, whichever is greater and imprisonment
in jail for not more than two and one-half years; or if
such destruction or injury is wanton, shall be punished by
a fine of fifteen hundred dollars or three times the value
of the property so destroyed or injured, whichever is
greater, or by imprisonment for not more than two and one-
half years; if the value of the property so destroyed or
injured is not alleged to exceed two hundred and fifty
dollars, the punishment shall be by a fine of three times
the value of the damage or injury to such property or by
imprisonment for not more than two and one-half months."

Section 127 sets forth four offenses:  one felony and three misdemeanors.  The felony offense is punishable by imprisonment

in State prison for up to ten years or in a house of correction for not more than two and one-half years. The felony offense requires proof of four elements: that (1) the defendant injured or destroyed the personal property, dwelling house, or building of another; (2) he did so wilfully; (3) he did so with malice; and (4) the property damaged or destroyed had a value greater than $250.[3] G. L. c. 266, § 127. See Commonwealth v. Deberry, 441 Mass. 211, 215 (2004); Commonwealth v. Kirker, 441 Mass. 226, 228-229 (2004). See also Commonwealth v. Beale, 434 Mass. 1024, 1025 (2001); Commonwealth v. Redmond, 53 Mass. App. Ct. 1, 4-5 (2001).[4] The remaining three offenses in § 127 are misdemeanors and are differentiated from each other as follows: (1) wilful and malicious behavior causing damage to or destruction of property with a value not exceeding $250, which is punishable by imprisonment in a house of correction for not

---

[3] The value of the property damaged or destroyed is determined by the loss suffered by the victim (usually the reasonable cost of repair or replacement) and not the reasonable value of the entire property or the portion thereof that is damaged. See Commonwealth v. Deberry, 441 Mass. 211, 220-222 (2004).

[4] Wilful and malicious damage to or destruction of property is a specific intent crime that requires proof that the defendant "intended both the conduct and its harmful consequences." Commonwealth v. Armand, 411 Mass. 167, 170 (1991). Wanton damage or destruction of property, on the other hand, is a general intent crime that requires only a showing that the actor's conduct was indifferent to, or in disregard of, the probable consequences. Compare Commonwealth v. Cimino, 34 Mass. App. Ct. 925, 927 (1993).

more than two and one-half months;[5] (2) wanton behavior causing damage to or destruction of property with a value exceeding $250, which is punishable by imprisonment in a house of correction for not more than two and one-half years;[6] and (3) wanton behavior causing damage to or destruction of property with a value not exceeding $250, which is punishable by imprisonment in a house of correction for not more than two and one-half months.  G. L. c. 266, § 127.  The misdemeanor offense of wilful and malicious destruction of property ([1], supra) is a lesser included offense of the felony grade of the offense. Deberry, supra at 224.  Neither of the two wanton damage or destruction of property offenses is a lesser included offense of either the felony or the misdemeanor offenses involving wilful and malicious destruction of property.  Commonwealth v. Schuchardt, 408 Mass. 347, 351-352 (1990).

   b.  Value of property damaged.  Turning now to the case at hand, before us is the question whether it was error to deny the defendant's motion for a required finding on the felony offense of wilful and malicious destruction of property valued at more than $250.  Because the parties agree that the Commonwealth

---

[5] See Deberry, supra at 212 n.2.  This lesser included misdemeanor offense is not included as such in the model jury instruction.  See instruction 8.280 of the Criminal Model Jury Instructions for Use in the District Court (2009).

[6] See instruction 8.280 of the Criminal Model Jury Instructions for Use in the District Court (2009).

failed to present any evidence of the property's value, the defendant is correct in arguing that her motion for a required finding of not guilty at the close of the Commonwealth's case should have been allowed. See Deberry, supra at 224-225. Nevertheless, the defendant here, unlike in Deberry, was not convicted of the felony offense. The verdict of the jury announced in open court was that she was guilty of only the lesser included misdemeanor of wilful and malicious destruction of property valued at or less than $250. The error, therefore, was harmless. See Lang, 24 Mass. App. Ct. at 259, quoting from Commonwealth v. Forde, 392 Mass. 453, 456 (1984) ("any error in denying the defendant's motion for a required finding of not guilty was 'rendered harmless beyond a reasonable doubt by the jury's verdict [of the lesser included offense]'").

c. Element of malice. The defendant argues further that the Commonwealth failed to prove the element of malice because the Commonwealth did not prove that she knew the identity of the owner of the property she damaged, nor that she directed her malice toward that person or entity. Under G. L. c. 266, § 127, the Commonwealth must prove that the act was done with malice, that is, in "a state of mind of cruelty, hostility or revenge." Commonwealth v. McGovern, 397 Mass. 863, 868 (1986), quoting from Commonwealth v. Peruzzi, 15 Mass. App. Ct. 437, 443 (1983). See Commonwealth v. Gordon, 82 Mass. App. Ct. 227, 229-232

(2012), and cases cited. However, "[i]t is immaterial whether the defendant knew the identity of the owner of the property." Id. at 230, quoting from McGovern, supra. See Commonwealth v. Cimino, 34 Mass. App. Ct. 925, 927 (1993) ("[T]his does not require . . . that the actor know who owned the property attacked . . . ; the animus need not have so personalized an object"). Acting with the requisite malice requires more than "acting heedlessly" or in "reckless disregard" of others. Commonwealth v. Morris M., 70 Mass. App. Ct. 688, 692 (2007) (citation omitted). For example, the defendant in Cimino, supra at 925-926, was convicted under G. L. c. 266, § 127, after going on a spree with a BB gun, shooting out the windows of numerous parked cars. Proof that the defendant deliberately aimed and hit his targets, without proof that he specifically knew the identity of the car owners, established that he acted with malice. Cimino, supra at 927. Contrast Morris M., supra at 691-693 (no malice where defendant drove Jeep through fence and onto driving range while trying to escape police, because he did not act out of cruelty, hostility, or revenge). See McGovern, supra at 865, 868 (defendant acted maliciously when he smashed window of parking lot booth, tore out heating and lighting units, and threw them into street).

The judge below instructed, in part, as follows: "To act with malice, one must . . . act not only deliberately, but out

of hostility toward the owner of the property.  This does not require that the person committing this offense knew the identity of the owner, but it does require that she was hostile toward the owner, whoever, that was."  The first portion of this instruction was an accurate statement of the law.  However, the last portion of this instruction was inaccurate (though in a way that was beneficial to the defendant) insofar as it required the Commonwealth to establish the defendant's malice was directed specifically toward the owner of the property she damaged or destroyed.[7]

The defendant's reliance on Commonwealth v. Hosman, 257 Mass. 379 (1926), is misplaced.  There, the defendants, who were

---

[7] The language used by the judge appears in instruction 8.280 of the Criminal Model Jury Instructions for Use in the District Court (2009).  In a case such as this where the defendant's malice is directed at a person who is not the property owner, but in lawful possession or control of the property, this model instruction is misleading.  The requirement that the Commonwealth must prove beyond a reasonable doubt that the defendant acted both wilfully and maliciously in the case of two of the four offenses set forth in G. L. c. 266, § 127, relates to the defendant's state of mind and her motivation; it does not require proof that the defendant directed her hostility or revenge toward the owner of the property.  See Commonwealth v. Armand, 411 Mass. 167, 170 (1991) ("Malice requires a showing that the defendant's conduct was 'motivated by "cruelty, hostility or revenge"'" [citation omitted]).  All that is required is that the property damaged belong to someone other than the defendant, and that the defendant acted intentionally and with cruelty, hostility, or revenge toward someone.  See Redmond, 53 Mass. App. Ct. at 4, and cases cited.  One alternative to the current model jury instruction would be to substitute the word "another" for the phrase "the owner [of the property]."  See Commonwealth v. Hosman, 257 Mass. 379, 384-385 (1926), discussed infra.

engaged in the illegal transportation of alcohol, instructed their employee to "run down all automobiles barring his progress." Id. at 384. In explaining why the employee's conduct in driving though a police roadblock and causing great damage to police vehicles was sufficient to establish that the defendants acted with malice for the purpose of proof of the crime of accessory before the fact to wilful and malicious destruction of property, the Supreme Judicial Court stated that "[i]t was not essential that [the employee] should know who owned the Dodge automobiles, or that he should have been actuated by a spirit of personal hostility to the owners of these automobiles. It was enough that he intended willfully and maliciously to destroy the property of another, whoever he might be." (Emphasis supplied.) Ibid.

Brown's status as a tenant as opposed to a landowner is not determinative of the criminal culpability of the defendant for the acts she committed. The facts demonstrate that she acted out of hostility and vengeance directed toward Brown, enraged by the location of Brown's vehicle in the driveway. The fact that Brown was not the actual owner of the property that was damaged is immaterial.

Conclusion. Taken as a whole and in the light most favorable to the Commonwealth, the evidence presented at trial was sufficient to allow a reasonable jury to conclude that the

defendant was guilty of the misdemeanor offense of malicious destruction of property in violation of G. L. c. 266, § 127.

Judgment affirmed.