NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-179

COMMONWEALTH

vs.

JAMIAH L. BAILEY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury-waived trial in the Boston Municipal Court, the defendant was convicted of malicious destruction of property of $1,200 or less, in violation of G. L. c. 266 § 127, after an incident in which someone pounded on his newly ex-girlfriend's door in the middle of the night, causing damage to the door. On appeal, the defendant maintains that the evidence against him was insufficient as a matter of law. We do not agree that in the light most favorable to the Commonwealth, the evidence was insufficient. We also conclude that, if the judge erred by admitting an in-court identification of the defendant (a matter we do not decide), any error was nonprejudicial. However, because the defendant did not adequately waive his right to a jury trial, which the Commonwealth concedes, his conviction must be vacated.

The case arose when a woman (the ex-girlfriend) called 911 just before 2 A.M. to report a breaking and entering in progress. The ex-girlfriend testified at trial that she had recently broken up with the defendant, and that a few days later he texted and called her in the early morning asking to be let into the house. She did not testify as to the telephone number from which she received the text messages and the telephone calls, or to the defendant's telephone number; and she did not identify his voice, but rather testified that he was texting and calling her while someone was banging on her door. Over objection, she identified the defendant as the person outside her door, whom she never saw. She testified that she had no reason to believe that there was anyone else at her door that night, and that she had "never been with another person or like had someone wanting to be inside [her] house." She described the damage to her front door, including that the deadbolt detached from the door and that the bottom of the door was "bent up."

We "must view the evidence presented at trial, together with reasonable inferences therefrom, in the light most favorable to the Commonwealth to determine whether any rational jury could have found each element of the offense beyond a reasonable doubt." Commonwealth v. Robinson, 482 Mass. 741, 744 (2019). "'[A] conviction may rest on circumstantial evidence

2

. . ., and the inferences a jury may draw from the relevant evidence need only be reasonable and possible,' not 'necessary or inescapable.'" Id., quoting Commonwealth v. Martin, 467 Mass. 291, 312 (2014). "Whether an inference is warranted or is impermissibly remote must be determined, not by hard and fast rules of law, but by experience and common sense" (citation omitted). Commonwealth v. Chay Giang, 402 Mass. 604, 609 (1988).

Viewed in the light most favorable to the Commonwealth, the evidence was sufficient for a rational fact finder to infer that the defendant committed the charged offense. Although no eyewitness saw him at the ex-girlfriend's door, she testified that she and the defendant, with whom she had children, had just taken a trip to New York, where he had left her with the children, prompting her to break up with him. After she returned home, the defendant texted and called a few days later asking her to let him into the house.[1] In the early morning

---

[1] There was no objection to the ex-girlfriend's identification of the defendant as the person who sent the text messages and made the calls. The defendant maintains that the judge improperly allowed the ex-girlfriend to make an in-court identification of him as the person she believed to be outside the door, given that she never saw him. Even if admission of this identification was error (a matter that we do not decide), we see no prejudice from it in light of the sufficient other evidence from which the judge could conclude it was the defendant outside the door. See Commonwealth v. Carney, 472 Mass. 252, 255 (2015) (if objection is made to ruling, review is for prejudicial error).

hours when she was sleeping, there was "banging on the door"; simultaneously, the defendant was texting and calling her, but she refused to open the door. We see this evidence, combined with reasonable inferences therefrom, as sufficient. The defendant had expressed a desire to get into the house and had been denied entry, and therefore had a motive to batter the door. The texts and calls from the defendant were contemporaneous with the banging on her door, allowing an inference that it was he who was seeking admission and beating on the door. The incident happened very early in the morning, a time when casual contacts and visitors are unlikely. Considered together, this circumstantial evidence was adequate to allow the judge to infer that it was the defendant outside the victim's door. See Commonwealth v. Lao, 443 Mass. 770, 779-780 (2005).

As to the proof of damage to the door, it is true that the fact finder was not presented with evidence of the door's condition before the fracas, nor with photographs of the door afterward. While it would have been better practice to submit this evidence, the ex-girlfriend testified that the door was damaged by the attack and described two aspects of the damage. There was no challenge to her ability to perceive or remember the damage, and no evidence that the door had been damaged at another time or by some other cause. The ex-girlfriend's testimony permitted the fact finder's conclusion that the damage

4

was caused on the night in question.  See Commonwealth v. Plouffe, 52 Mass. App. Ct. 543, 545 (2001) (fact finder alone determines what weight to give evidence).

Finally, viewed in the light most favorable to the Commonwealth, the evidence supported the fact finder's conclusion that the defendant willfully and maliciously damaged the door.  "[A]n actor is proved 'wilful' if he or she intended both the conduct and its harmful consequences; wilful conduct is intentional and by design in contrast to that which is thoughtless or accidental" (quotations omitted).  Commonwealth v. Cimino, 34 Mass. App. Ct. 925, 927 (1993).  The defendant's willful infliction of the damage may be inferred from the extent of the damage and from his sustained assault on the door.  See id.  Malice, which requires a state of mind imbued with "cruelty, hostility or revenge," Commonwealth v. Peruzzi, 15 Mass. App. Ct. 437, 443 (1983), was adequately proven, considering the defendant's acrimonious relationship with the victim and his violent response to her refusal to admit him. His choice of her door was neither casual nor reckless but targeted.  See Cimino, supra.

Because the Commonwealth concedes, appropriately, that the record fails to reflect the defendant's waiver of his right to a jury trial, we must vacate the conviction.  See G. L. c. 263, § 6; Commonwealth v. Osborne, 445 Mass. 776, 781 (2006).

5

Retrial, if the Commonwealth so chooses, and as the defendant concedes in light of our conclusion here about the sufficiency of the evidence, would not offend principles of double jeopardy. See Commonwealth v. Bacigalupo, 455 Mass. 485, 489 (2009).

> Judgment vacated.
>
> Finding set aside.
>
> By the Court (Meade, Hershfang & D'Angelo, JJ.[2]),
>
> *Joseph F. Stanton*
>
> Clerk

Entered: October 4, 2023.

---

[2] The panelists are listed in order of seniority.