COMMONWEALTH *vs.* PHILIP G. ALEO. June 8, 1984. *Burglarious Implements.*

The defendant was convicted of possession of burglarious implements (G. L. c. 266, § 49) based on evidence that he was the driver of an automobile parked alongside an Audi Fox automobile; that the engine of the defendant's automobile was running; that on the floor of the defendant's automobile was a BMW radio with wires protruding; that a second individual was seated in the back seat of the defendant's automobile with two screwdrivers and a dent puller at his feet; that a third individual was standing between the defendant's automobile and the Audi Fox, leaning inside the Audi Fox through its opened front window; that a vent window of the Audi Fox was smashed, pieces of glass being both inside the vehicle and on the parking lot surface under the window; that, when the police arrived, the

defendant "yelled 'the cops,'" and the third individual fled; and that the defendant explained to the police that the individual who fled "was going to the bathroom." On that evidence we think that a jury could rationally draw an inference, beyond a reasonable doubt, that the defendant and the other two men were engaged in a joint enterprise of stealing radios and perhaps other items of value from unattended cars and that the screwdrivers and the dent puller on the rear floor were suitable for, and possessed with the intention of using them for, that purpose. Although the point was left undecided in *Commonwealth* v. *Armenia,* 4 Mass. App. Ct. 33, 38 (1976), and *Commonwealth* v. *Mahnke,* 13 Mass. App. Ct. 1057, 1059 (1982), we do not doubt that the passenger compartment of an automobile may be found to be a depository with respect to valuables left therein, including radios, tape decks, and the like. Whether the particular Audi Fox had valuables therein is not crucial to the Commonwealth's case, as the gist of the offense lies in the possession of the tools, the purpose for which they are possessed, and their suitability for that purpose. The fact that the dent puller was apparently missing a screw goes only to the weight of the evidence; a burglarious implement does not lose its character as such because it needs repair. The defendant's acquittals on charges of receiving stolen goods (the BMW radio) and malicious destruction of property (the vent window) are not inconsistent with the present conviction, the evidence suggesting that the defendant was a thief rather than a receiver (see *Commonwealth* v. *Obshatkin,* 2 Mass. App. Ct. 1, 4 [1974]) and that the destruction of the window was not "malicious" as that word is used in G. L. c. 266, § 127, as appearing in St. 1982, c. 229, § 2 (see *Commonwealth* v. *Peruzzi,* 15 Mass. App. Ct. 437, 440-444 [1983]).

*Judgment affirmed.*

*Kim Giampietro* for the defendant.
*William F. Sullivan,* Assistant District Attorney, for the Commonwealth.