COMMONWEALTH *vs.* CALVIN L. HOGAN.

No. 95-P-1118.

Middlesex. January 18, 1996. - August 9, 1996.

Present: SMITH, GILLERMAN, & IRELAND, JJ.

*Possession of Burglarious Instruments. Words,* "Depository."

A bicycle lock attaching a bicycle to a parking meter pole is not a "depository" within the meaning of G. L. c. 266, § 49, and a defendant apprehended with bolt cutters in the vicinity of the locked bicycle was entitled to a finding of not guilty on a complaint alleging his possession of burglarious implements, to wit, bolt cutters. [74-75]

COMPLAINT received and sworn to in the Cambridge Division of the District Court Department on July 14, 1994.

The case was heard by *Mark S. Coven,* J.

*Richard N. Foley* for the defendant.

*David C. Megan,* Assistant District Attorney, for the Commonwealth.

SMITH, J. The defendant was charged in a two-count complaint with (1) attempt to commit a larceny of property valued over $250 by trying to cut a bicycle lock with bolt cutters, and (2) possession of burglarious tools. The defendant waived a jury, and a trial was held on stipulated facts. The Commonwealth read the stipulated facts into the record, following which the defendant filed a motion for a required finding of not guilty. The motion was denied. The judge found the defendant guilty of possession of burglarious tools and not guilty of attempt to commit larceny. The defendant contends that the judge committed error in denying his motion for a required finding of not guilty because there was no evidence that the defendant was in possession of burglarious tools within the meaning of G. L. c. 266, § 49.

The following were the stipulated facts. An officer in plain clothes saw the defendant approach a bicycle that was locked

to a parking meter pole. The defendant placed a backpack on top of the meter and unzipped the top of it. During this time, the defendant was looking around, up and down the street, and at the windows of nearby apartments. After a few minutes, the defendant and the police officer made eye contact. The defendant then picked up his backpack and started to walk away. When the police officer attempted to approach the defendant, the defendant threw the backpack on the ground, jumped on a mountain bike, and rode away. The police officer looked in the backpack and found a pair of eighteen-inch bolt cutters and another small wire cutter.

General Laws c. 266, § 49, states, in pertinent part, that for a person to be convicted of the crime of possession of burglarious tools the Commonwealth must prove that he possessed:

> "an engine, machine, tool or implement adapted and designed for cutting through, forcing or breaking open a building, room, vault, safe or *other depository*, in order to steal therefrom money or other property, or to commit any other crime, knowing the same to be adapted and designed for the purpose aforesaid, with intent to use or employ or allow the same to be used or employed for such purpose" (emphasis added).

The defendant claims that a bike lock is not a depository for the purpose of G. L. c. 266, § 49, and, therefore, his motion should have been granted. The Commonwealth argues that the bike lock, together with the parking meter, formed a depository. It states that its argument is supported by the purpose and plain meaning of the statute which "should be interpreted in accordance with the natural meaning of the words." *Commonwealth* v. *Krasner*, 358 Mass. 727, 729 (1971).

The word "depository" is defined by Black's Law Dictionary (6th ed. 1990) as "[t]he place where a deposit is placed and kept . . . where something is deposited or stored as for safekeeping or convenience; *e.g.* safety deposit box." There is language in *Commonwealth* v. *Tilley*, 306 Mass. 412, 416 (1940), that c. 266, § 49, "does not require the depository to be located in a building or that it be annexed to the real estate . . . [and it] manifests no intention that the depository

must be one substantially similar to a vault or safe, but extends to whatever is commonly used for the safe-keeping of money or other personal property." The holding of that case, however, is that an automobile trunk is a depository. *Id.* at 416-418. Other decisions also suggest that a depository needs to be some type of an enclosed area. See *Commonwealth* v. *Dellinger,* 10 Mass. App. Ct. 549, 561 (1980) (the interior of a locked truck is a depository), *S.C.,* 383 Mass. 780 (1981); *Commonwealth* v. *Aleo,* 18 Mass. App. Ct. 916, 917 (1984) (the passenger compartment of an automobile is a depository). See also *People* v. *Oliver,* 129 Ill. App. 2d 83, 89 (1970) (a vending machine is a depository); *Perkins* v. *State,* 61 Wis. 2d 341, 350 (1973) ("The parking meter which was *designed for keeping intact parking fees* was a depository" [emphasis added]). Compare *Commonwealth* v. *Schultz,* 17 Mass. App. Ct. 958 (1983) ("a boat storage area which is fenced on two sides, open to pedestrian access on a third side, undescribed as to its fourth side, and open to the sky is [not] a 'depository' within the meaning of the phrase 'building, room, vault, safe or other depository' . . . in G. L. c. 266, § 49"). Unlike the above items, a bicycle lock attached to a parking meter pole does not constitute an enclosed area that may be used for the storage of personal property. Accordingly, we hold that a bike lock attached to a parking meter is not a depository within the meaning of G. L. c. 266, § 49.

The judgment of conviction of possession of burglarious instruments is reversed, the verdict is set aside, and judgment is to enter for the defendant on that charge.

*So ordered.*