# DECISIONS

## OF THE

## APPEALS COURT

## OF

## MASSACHUSETTS

---

COMMONWEALTH *vs.* ROBERT W. REDMOND, JR.

No. 00-P-408.

Suffolk. June 13, 2001. - October 18, 2001.

Present: ARMSTRONG, C.J., GRASSO, & BERRY, JJ.

*Malicious Injury to Property. Destruction of Property. Possession of Burglarious Instruments. Breaking and Entering. Burglary. Practice, Criminal,* Required finding, Instructions to jury, Question by jury. *Due Process of Law,* Elements of criminal offense.

At the trial of an indictment alleging wilful and malicious destruction of property, the judge erred in denying the defendant's motion for a required finding of not guilty, where the Commonwealth's evidence was insufficient to establish that the defendant's destruction of doors was done with hostility, cruelty, or revenge. [3-5]

At the trial of an indictment charging possession of burglarious instruments, an instruction to the jury that failed to inform the jury that the Commonwealth needed to prove that the defendant possessed an implement with the intent to use it to break into a building, as opposed to having possessed it with the intent to steal computer equipment, omitted an essential element of the crime charged, thereby creating a substantial risk of a miscarriage of justice. [5-8]

At a criminal trial, the judge's misstatement of a single word in an otherwise
thorough instruction regarding reasonable doubt could not have confused
the jury and did not constitute reversible error. [8-10]

INDICTMENTS found and returned in the Superior Court Depart-
ment on April 22, 1997.

The cases were tried before *Elizabeth B. Donovan*, J.

*Joseph J. Mazza* for the defendant.

*Joseph M. Ditkoff*, Assistant District Attorney, for the
Commonwealth.

GRASSO, J. A jury found the defendant guilty of wilful and
malicious destruction of property over $250 (G. L. c. 266,
§ 127), possession of burglarious instruments (G. L. c. 266,
§ 49), and breaking and entering in the nighttime with the
intent to commit a felony (G. L. c. 266, § 16). On appeal, he
contends that the trial judge erred (1) in denying his motion for
a required finding of not guilty on the indictment charging wil-
ful and malicious destruction of property; (2) in instructing the
jury on possession of burglarious instruments and responding to
a jury question; and (3) in giving a supplemental instruction on
reasonable doubt. We affirm the breaking and entering convic-
tion and reverse the convictions for wilful and malicious
destruction of property and possession of burglarious
instruments.

1. *Facts.* Looked at in the light most favorable to the Com-
monwealth, see *Commonwealth* v. *Latimore*, 378 Mass. 671,
677-678 (1979), the pertinent facts are these. Early in the morn-
ing of February 3, 1997, in response to an alarm indicating a
possible break into an office building, Officer Jose Acosta
proceeded to 29 Winter Street in Boston. The rear entrance to
the building at that location opened onto Hamilton Place, a
dead-end street with recessed doorways and stairs that abutted a
construction site secured by a twelve-foot fence.

When he arrived on the scene in his police cruiser, Officer
Acosta observed the defendant walking towards the cruiser.
Although he was unable to see the doorway to the building at 6
Hamilton Place, Officer Acosta believed that the defendant had
exited from that location. After leaving his cruiser, Officer

Acosta spoke with the defendant, who said that he was a street sweeper, although he carried no broom. The morning was cold, but the defendant wore only a sweatsuit, not a winter coat.

As conversation continued, Officer Acosta told the defendant that he was responding to an alarm concerning a break-in. The defendant became nervous, perspiring despite the cold. His hands then began to shake uncontrollably. When Officer Acosta asked him to step closer to the cruiser, the defendant fled. Officer Acosta gave chase, in the course of which he observed the defendant reach into his pocket and toss an object, which appeared to be a screwdriver, over the fence of the construction site.[1]

Officer Acosta eventually caught up with the defendant, handcuffed him, handed him over to other officers, and quickly returned to 6 Hamilton Place to continue his investigation. There he saw a box holding open the rear door. Stacked just inside the door was approximately $6,000 worth of computer equipment. On the fourth floor, where the alarm had originally sounded, Officer Acosta observed a security alarm ripped from the wall and shattered glass on the landing adjacent to a broken fire escape window. The front door to the office of Jobs for Youth appeared to have been forcibly opened: the lock was damaged, the door frame was gouged, and wood chips were on the floor. Inside the office, a second door, leading into a computer room, appeared kicked in and bore other indicia of forcible entry, with gouge marks on the frame, a bent deadbolt lock, and more wood chips on the floor.

Following discovery of the break-in, the police arrested the defendant. During booking, the police found two flashlights, a key chain, and a small folding pocket knife on his person. These were introduced in evidence.

2. *Evidence on malicious destruction of property.* Wilful and malicious destruction of property is a crime requiring proof that

---

[1] A few months after the chase, the police retrieved a large rusted screwdriver from the construction site in the area where Officer Acosta had seen the defendant throw the object. This screwdriver was not introduced in evidence at trial.

the defendant's actions were both "wilful" and "malicious."[2] See *Commonwealth* v. *Armand*, 411 Mass. 167, 170 (1991). "The terms *wilful* and *malicious* are not used redundantly. They convey different meanings within the context of criminal destruction of property." *Commonwealth* v. *Peruzzi*, 15 Mass. App. Ct. 437, 443 (1983), quoting from Nolan, Criminal Law § 427, at 259 (1976). While, in most crimes, the wilful doing of an unlawful act suffices to prove malice, under G. L. c. 266, § 127, it does not. *Commonwealth* v. *Peruzzi, supra.* In addition to the intent to inflict injury to property, the crime requires a state of mind infused with cruelty, hostility or revenge. See *ibid.* See also *Commonwealth* v. *Schuchardt*, 408 Mass. 347, 352 (1990). However, malice does not require that the defendant know the identity of the owner of the property damaged. "[T]he animus need not have so personalized an object." *Commonwealth* v. *Cimino*, 34 Mass. App. Ct. 925, 927 (1993). See *Commonwealth* v. *Hosman*, 257 Mass. 379, 384-385 (1926); *Commonwealth* v. *Peruzzi, supra* at 442 n.4.

Because the Commonwealth's evidence was insufficient to establish that the defendant's destruction of either door was done with hostility, cruelty or revenge, the judge erred in denying the defendant's motion for a required finding of not guilty.[3] See *Commonwealth* v. *Campbell*, 378 Mass. 680, 686 (1979); *Commonwealth* v. *Armand*, 411 Mass. at 169-170. While the evidence was sufficient to support the conclusion that the defendant's principal goal was theft of the computers, it was insufficient to establish that the destruction of a door was more than a means to that end. The damage was essentially confined

---

[2]Wilful and malicious destruction of property is a specific intent crime, and wilfulness requires proof that the defendant intended both the conduct and its harmful consequences. See *Commonwealth* v. *Armand*, 411 Mass. 167, 170 (1991). See also *Commonwealth* v. *Gunter*, 427 Mass. 259, 268-269 (1998) (cautioning against using the terms "general intent" and "specific intent" in charging a jury on a specific intent crime). The defendant herein does not contest that the evidence would establish wilfulness. See *Commonwealth* v. *Schuchardt*, 408 Mass. 347, 352 (1990).

[3]Because we conclude that the Commonwealth failed to prove malice, we need not consider the defendant's additional contention, that the Commonwealth failed to introduce sufficient evidence to prove beyond a reasonable doubt that the value of the property destroyed, to wit, a door, was greater than $250. See *Commonwealth* v. *Beale*, 434 Mass. 1024 (2001). See also *Apprendi* v. *New Jersey*, 530 U.S. 466, 490 (2000).

to breaking a window, dismantling a security alarm, and forcibly opening two doors, thus allowing access to the goods inside. Although clearly intended, such property damage was nothing more than "the adventitious by-product of a wholly discrete criminal enterprise" (the theft of the computers) and was not "gratuitous, excessive violence purposefully designed to intimidate and overpower," *Commonwealth* v. *Wynn*, 42 Mass. App. Ct. 452, 456 (1997), or destructive acts that were by design and hostile to the owner of the property, whoever that may have been. See *Commonwealth* v. *McGovern*, 397 Mass. 863, 868 (1986). The forcible entry into an office will, without doubt, result in some destruction of property, but a messy thief is not necessarily malicious within the meaning of the statute. See *Commonwealth* v. *Armand*, 411 Mass. at 170-171 (damage to steering column and door of automobile was merely ancillary to principal goal of pulling victims out of vehicle in order to beat them).

Here, as in *Armand*, the evidence tended more to show that the defendant had engaged in wanton destruction of property, a separate violation of G. L. c. 266, § 127, for which the defendant was not indicted. See *Commonwealth* v. *Schuchardt*, 408 Mass. at 351. Moreover, wanton destruction of property is not a lesser included offense of wilful and malicious destruction of property. *Id.* at 352. See *Commonwealth* v. *Cimino*, 34 Mass. App. Ct. at 926-927.

3. *Instructions on possession of burglarious tools.* To convict for possession of burglarious instruments in violation of G. L. c. 266, § 49, the Commonwealth must prove that the defendant possessed "an engine, machine, tool or implement adapted and designed for cutting through, forcing or breaking open a building, room, vault, safe or other depository, in order to steal therefrom money or other property, or to commit any other crime, knowing the same to be adapted and designed for the purpose aforesaid, *with intent to use or employ or allow the same to be used or employed for such purpose . . .*" (emphasis added). See *Commonwealth* v. *Hogan*, 41 Mass. App. Ct. 73, 74

(1996). Utilizing the standard Superior Court instructions,[4] the judge instructed the jury that this indictment required proof of four elements: (1) "the defendant knowingly possessed a tool[,] specifically a screwdriver or an ice pick"; (2) "the tool could reasonably be used to break into the building"; (3) "the defendant knew that the tool or the implement could reasonably [be] used for that purpose"; and (4) "the defendant had the specific intent of stealing the computer equipment from the building."

This standard instruction is incorrect, as it omits the requirement that the defendant must have intended to use the tool to effectuate the breaking and entering, and compounds the error by emphasizing that the intent required must be to steal rather than to use the implement to accomplish the break. See *Commonwealth* v. *Krasner*, 358 Mass. 727, 729-731, *S.C.*, 360 Mass. 848 (1971) (the statute is not limited to a person's possession of burglarious tools with the intent to use them to break and enter in order to commit theft or acquisitive crimes, but also extends to their possession with intent to break and enter in order to commit crimes against the person and trespass).

The instruction should have informed the jury that the Commonwealth needed to prove that the defendant possessed the implement with the intent to use it to break into the building, as opposed to having possessed it with the intent to steal the computer equipment. The distinction is not insignificant. The intent required under G. L. c. 266, § 49, is the intent to use the implement to effectuate the break-in. Otherwise, as under the erroneous instruction given here, a felon who carries an ordinary implement such as a pocketknife during an intended breaking and entering, but who intends to accomplish the breaking and entering by entering a closed but unlocked door, see *Commonwealth* v. *Lewis*, 346 Mass. 373, 377 (1963), cert. denied, 376 U.S. 933 (1964), could stand convicted of possession of burglarious implements although he never intended to use the pocketknife to accomplish the break.

Omitting an essential element of the crime charged, as occurred here, is an error of constitutional dimension that violates

[4]See Massachusetts Superior Court Criminal Practice Jury Instructions § 2.36 (1999).

the due process clause of the Fourteenth Amendment to the United States Constitution, which "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). See *Francis v. Franklin*, 471 U.S. 307, 313 (1985). Although constitutional error, the omission of an element of the crime from the jury instruction is not among the very limited class of structural errors subject to automatic reversal, and upon proper objection would be subject to harmless error analysis. See *Chapman* v. *California*, 386 U.S. 18, 24 (1967); *Neder* v. *United States*, 527 U.S. 1, 7-10 (1999). But see *Commonwealth* v. *Melendez*, 427 Mass. 214, 216 (1998) (omission of element of crime from instruction would require new trial even in absence of objection).

Here, however, the defendant did not object to the instruction prior to the time the jury retired to commence its deliberations, so the harmless error standard is inapplicable.[5,6] Instead, we consider whether the omission created a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Richardson*, 429 Mass. 182, 185 (1999); *Commonwealth* v. *LeFave*, 430 Mass. 169, 174 n.6 (1999); *Commonwealth* v. *Lorenzetti*, 48 Mass. App. Ct. 37, 40 (1999). Contrast *Commonwealth* v. *Biancardi*, 421 Mass. 251, 253-254 (1995) (where defendant did not object

---

[5]At the charge conference the defendant had requested the judge to instruct that "[t]he gist of the offense lies in the possession of the tool, the criminal purpose for which it is possessed, and its suitability for that purpose." See *Commonwealth* v. *Aleo*, 18 Mass. App. Ct. 916, 917 (1984). See also Instruction 5.54 of the Model Jury Instructions for Use in the District Court (Supp. 1997). The record indicates only that the requested instruction was not given and the defendant did not object. "Where, as here, the judge did not specifically confirm that [she] would give the instruction, it was incumbent upon counsel to make further inquiry." *Commonwealth* v. *Adams*, 34 Mass. App. Ct. 516, 518 (1993). We assume, without deciding, that the defendant's failure to object in these circumstances constituted waiver, see Mass.R.Crim.P. 24(b), 378 Mass. 895 (1979).

[6]In the course of deliberations, the jury asked whether the pocketknife recovered from the defendant could be considered a burglarious implement. Over the defendant's objection, the judge responded with a simple written "Yes." Not until some time later, when the jury requested additional instruction on "reasonable doubt," did defense counsel first object to the judge's failure to instruct that intent to use the tool was a necessary element of the crime.

to judge's failure to give an instruction, issue was properly preserved because defendant had requested instruction and judge rejected request, giving an instruction inconsistent with defendant's request); *Commonwealth* v. *Prater*, 431 Mass. 86, 97 (2000). Having reviewed the charge and the evidence as a whole, see *Neder* v. *United States*, *supra* at 15-16; see also *Commonwealth* v. *Pickles*, 393 Mass. 775, 776 (1985), we conclude that there was a substantial risk of a miscarriage of justice, because the failure to apprise the jury that the defendant must have intended to use the implement to commit the burglary might have resulted in the jury finding the defendant guilty of an act that was not criminal — mere possession of a pocketknife without the intent to use it as a burglarious implement.[7] See *Commonwealth* v. *Schmukler*, 22 Mass. App. Ct. 432, 434-436 (1986). Compare *Commonwealth* v. *Niziolek*, 380 Mass. 513, 526-527 (1980); *Commonwealth* v. *Walter*, 40 Mass. App. Ct. 907, 910 (1996).

Unlike in *Neder* v. *United States*, *supra* at 18-19, here intention was not uncontroverted. While the jury could permissibly infer from the evidence that the defendant intended to use a burglarious implement to break into the building, such an inference was not the only permissible inference, as there was evidence that the door had been kicked in.

4. *Supplemental instruction on reasonable doubt.* During her initial instructions, the judge defined reasonable doubt by properly quoting the language of *Commonwealth* v. *Webster*, 5 Cush. 295, 320 (1850). In the course of deliberations, the jury requested further instruction on "reasonable doubt." The judge responded by reiterating the previous *Webster* charge and then by attempting to augment it with the reasonable doubt instruction upheld in *Commonwealth* v. *Mack*, 423 Mass. 288, 290 & n.5 (1996), that the Commonwealth is not required to prove its

[7]In light of our conclusion that omission of the element of intent to use the implement from the instruction created a substantial risk of a miscarriage of justice, we need not consider the defendant's contention that the judge's response to the jury's question whether the pocketknife could be considered the "burglarious" instrument, see *Commonwealth* v. *Dellinger*, 10 Mass. App. Ct. 549, 560-561 (1980), *S.C.*, 383 Mass. 780 (1981), effectively directed a verdict against him.

case to an absolute or mathematical certainty.[8] However, the judge made an unfortunate slip of the tongue and misstated a single word in the last sentence of the *Mack* supplementation. Rather than using the word "mathematical" as she had done twice previously, the judge mistakenly said that "[t]he Commonwealth is not required to prove its case to an absolute or a *moral* certainty but it must prove each and every element of the charge beyond a reasonable doubt" (emphasis added). The defendant now claims that, with this slip of the tongue, the judge nullified the *Webster* instruction on reasonable doubt, and that all the convictions must be reversed. We disagree.

An error is not ascertained by scrutinizing bits and pieces of the charge, removed from their appropriate context. See *Commonwealth* v. *Grant*, 418 Mass. 76, 85 (1994); *Commonwealth* v. *Gunter*, 427 Mass. 259, 267 (1998). Rather, "we consider the charge, taken as a whole, and assess the possible impact of the alleged error on the deliberations of a reasonable juror, i.e., whether a reasonable juror could have used the instruction incorrectly." *Commonwealth* v. *Rosa*, 422 Mass. 18, 27 (1996). See *Commonwealth* v. *Barbosa*, 399 Mass. 841, 845 (1987); *Commonwealth* v. *Riley*, 433 Mass. 266, 270 (2001).

As in her original instruction, in her supplemental charge the judge again correctly stated the *Webster* language on reasonable doubt, which "carries great weight, and conveys to the jury the proper solemn consideration and degree of certitude." *Commonwealth* v. *Rosa*, 422 Mass. at 29. The phraseology and the grade school mathematical example in *Mack* make plain that absolute or mathematical certainty is the focus, and that absolute or mathematical certainty is not required for proof beyond a reasonable doubt. The unfortunate slip at the end of the supplemental instruction did not nullify this import. While it would have been preferable for the judge to check whether she had misspoken, even defense counsel appeared uncertain

---

[8]"Now, the Commonwealth is not required to prove the case to an absolute certainty. The Commonwealth is not required to prove the case to a mathematical certainty. Mathematical certainty is that level of certainty that you will have if you add two and two and arrive at four. The Commonwealth is not required to prove its case to an absolute or mathematical certainty, but it must prove each and every element of the charge beyond a reasonable doubt." *Commonwealth* v. *Mack*, 423 Mass. 288, 290 n.5.

whether a slip had occurred and did not press the matter. In the context of the charge as a whole, we are confident that "[a] single incorrect word in an otherwise thorough instruction could not have confused a reasonable jury," *Commonwealth* v. *Wilson*, 427 Mass. 336, 356 (1998), and that the jury were not misled as to their responsibility to find proof beyond a reasonable doubt. See *Commonwealth* v. *Koonce*, 418 Mass. 367, 370-375 (1994); *Commonwealth* v. *Gunter*, 427 Mass. at 267. Compare *Commonwealth* v. *Burke*, 44 Mass. App. Ct. 76, 80-81 (1997).

5. *Conclusion.* The judgment on the defendant's conviction for wilful and malicious destruction of property is reversed and the verdict is set aside. On that indictment, judgment is to enter for the defendant. The judgment on the defendant's conviction for possession of burglarious instruments is reversed and the verdict is set aside. The judgment on the defendant's conviction for breaking and entering in the nighttime with the intent to commit a felony is affirmed.

*So ordered.*