## COMMONWEALTH *vs.* JACOB BYERS.

No. 03-P-903.

Essex. May 11, 2004. - September 27, 2004.

Present: LAURENCE, BROWN, & MILLS, JJ.

*Practice, Criminal,* Instructions to jury, Reasonable doubt, Presumptions and burden of proof. *Words,* "Near certitude," "Reasonable certainty."

At a criminal trial, no substantial risk of a miscarriage of justice resulted from a jury instruction employing the phrase "reasonable certainty" to define reasonable doubt, where that phrase was linked with language that lent appropriate content to the instruction, and where the instruction, as a whole, correctly conveyed to the jury the level of proof required to convict the defendant. [148-152]

INDICTMENT found and returned in the Superior Court Department on June 21, 2000.

The case was tried before *Mary-Lou Rup,* J.

*Kathleen M. Ludwig* for the defendant.

*Gregory I. Massing,* Assistant District Attorney, for the Commonwealth.

BROWN, J. After a jury trial in the Superior Court, the defendant was found guilty of armed robbery. On appeal, the defendant's sole argument is that the judge's instruction lowered the standard of proof because it used the phrase "reasonable certainty" to define reasonable doubt. The defendant did not raise this objection below, and we review to determine if there was a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Williams,* 56 Mass. App. Ct. 337, 347 (2002).

The jury could have found that the defendant robbed the victim of money and a cellular telephone while armed with a knife.

The defendant argues that the following portion of the judge's instruction to the jury lowered the standard of proof required to convict him:

"[T]he evidence must convince you of [the defendant's] guilt to a *reasonable certainty*, a certainty that convinces your understanding and satisfies your reason and judgment as jurors who have been sworn to act conscientiously upon the evidence" (emphasis added).

The Federal and State Constitutions require the government to prove the defendant's guilt beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364 (1970). In advising a jury of this burden, no particular form of words is required. See, e.g., *Commonwealth* v. *Pinckney*, 419 Mass. 341, 342 (1995). When an instruction is challenged, a reviewing court should "read the charge as a whole," and not "scrutiniz[e] bits and pieces [of the instruction] removed from their context." *Commonwealth* v. *Hill*, 387 Mass. 619, 624-625 (1982), quoting from *Commonwealth* v. *Cundriff*, 382 Mass. 137, 153 (1980), cert. denied, 451 U.S. 973 (1981). See *Commonwealth* v. *Redmond*, 53 Mass. App. Ct. 1, 9 (2001). In reviewing an "instruction defining reasonable doubt, the constitutional question is 'whether there is a reasonable likelihood that the jury understood the instructions to allow conviction on proof insufficient to meet the *Winship* standard.' " *Commonwealth* v. *Pinckney*, 419 Mass. at 342, quoting from *Victor* v. *Nebraska*, 511 U.S. 1, 16 (1994).

The instruction given in this case[1] repeated almost verbatim the reasonable doubt instruction that had been given to the jury

---

[1]The entire instruction on reasonable doubt was as follows:

"The prosecution has the burden of proving beyond a reasonable doubt each and every one of the essential necessary elements or parts of the crime charged. And that burden of proof never shifts. It remains with the prosecution throughout the trial from start to finish.

"[The defendant] had absolutely no burden to produce any evidence. He is entitled to a verdict of not guilty unless you are satisfied that the prosecution has produced evidence that convinces you beyond a reasonable doubt that he is guilty.

"Now, what do we mean by proof beyond a reasonable doubt? The term is often used and probably fairly well understood, but it is not easily defined.

"Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. For everything in the lives of human beings is open to some possible or imaginary doubt.

and approved by the Supreme Judicial Court in *Commonwealth* v. *Latimore*, 423 Mass. 129, 139 n.9 (1996).[2] The only material difference between the two versions is that in this case the judge omitted the two references to "moral certainty" that appeared in the *Latimore* instruction. *Ibid.* The use of the phrase "moral certainty" has been repeatedly criticized on the ground that it dilutes the government's burden of proof. See, e.g., *Cage* v. *Louisiana*, 498 U.S. 39, 41 (1990) (per curiam), revd. on other grounds, *Estelle* v. *McGuire*, 502 U.S. 62 (1991); *Commonwealth* v. *Pinckney*, 419 Mass. at 343-349.

In the present case, the judge replaced the first reference to "moral certainty" in the *Latimore* instruction with "near certitude," a phrase that is equivalent to "reasonable doubt." *Jackson* v. *Virginia*, 443 U.S. 307, 315 (1979). See *Commonwealth* v. *Riley*, 433 Mass. 266, 272 (2001).

The judge also removed "moral" from the phrase "reasonable and moral certainty" used in *Latimore*, leaving in place the phrase "reasonable certainty," and it is this truncated phrase to which the defendant objects on appeal. The defendant's argu-

---

"A charge is proved beyond a reasonable doubt if after, you, the jury, have compared and considered all the evidence, you have in your minds an abiding conviction, a near certitude that the charge is true.

"I have told you that every person is presumed to be innocent until proved guilty and that the burden of proving guilt is always on the prosecution.

"If you evaluate all the evidence and you still have a reasonable doubt remaining, then [the defendant] is entitled to the benefit of that doubt and he must be acquitted. He must be found not guilty.

"It's not enough if the prosecution has established a probability, even a strong probability, that [the defendant] is more likely to be guilty than not guilty. That is simply not enough.

"Instead the evidence must convince you of [the defendant's] guilt to a *reasonable certainty*, a certainty that convinces your understanding and satisfies your reason and judgment as jurors who have been sworn to act conscientiously upon the evidence. This is what we mean by proof beyond a reasonable doubt" (emphasis added).

[2]The charge is substantially based on the language of *Commonwealth* v. *Webster*, 5 Cush. 295, 320 (1850). See *Commonwealth* v. *Latimore*, 423 Mass. at 140.

.

ment that the use of "reasonable certainty" constitutes reversible error is without merit. Just as the use of the phrase "moral certainty" is not error if it is linked with language that lends content to the phrase, the use of the phrase "reasonable certainty" is also not error, provided that it is similarly linked to appropriate language. See *Commonwealth* v. *Pinckney*, 419 Mass. at 345. See generally *Francis* v. *Franklin*, 471 U.S. 307, 315 (1985) (any flaw in the jury instructions must be viewed in the context of the charge as a whole).

Here, several aspects of the entire reasonable doubt instruction alleviate any concern that the jury were misled by the use of the phrase "reasonable certainty." Most significantly, immediately after the judge used "reasonable certainty," she defined the concept as that which "convinces your understanding and satisfies your reason and judgment as jurors who have been sworn to act conscientiously upon the evidence." See *Commonwealth* v. *Smith*, 427 Mass. 245, 254 (1998) (instruction which, in part, equated reasonable doubt with satisfaction according to the jury's conscience, upheld). See also *Commonwealth* v. *Limone*, 410 Mass. 364, 369-370 (1991) (same). In addition, before the judge used the phrase "reasonable certainty," she defined proof beyond a reasonable doubt as that state when, after having "compared and considered all the evidence, you [the jury] have in your minds an abiding conviction, a near certitude that the charge is true."

The use of either phrase — "an abiding conviction" or "near certitude" — lends appropriate content to an instruction on reasonable doubt and eliminates concerns that a phrase such as "reasonable certainty" "might be misunderstood in the abstract." *Victor* v. *Nebraska*, 511 U.S. at 21. See *Commonwealth* v. *Thomas*, 439 Mass. 362, 369 (2003). The use of both "near certitude" and "abiding conviction," in conjunction with reasonable doubt and "reasonable certainty," were sufficient to convey to "the jury . . . the high degree of certainty they must possess to convict the defendant." *Commonwealth* v. *Gagliardi*, 418 Mass. 562, 571 (1994), cert. denied, 513 U.S. 1091 (1995).

The judge emphasized that a strong probability that the defendant was guilty was "simply not enough." The judge also

made clear that the defendant was presumed to be innocent; that the law imposed on the Commonwealth "the burden of proving beyond a reasonable doubt each and every one of the essential necessary elements or parts of the crime charged"; and that, "[i]f you [the jury] evaluate all the evidence and you still have a reasonable doubt remaining, then [the defendant] is entitled to the benefit of that doubt and he must be acquitted." Viewed as a whole, "we conclude that the instruction correctly conveyed to the jury the level of proof required to convict the defendant." *Id.* at 572.

*Judgment affirmed.*