Lu, John T., J.
INTRODUCTION
The plaintiffs, U.S. Bank, N.A., and Ocwen Loan Servicing, LLC (U.S. Bank), brought this case against the defendants Cushing & Dolan, P.C., and Kevin N. Dolan, Esq. (Cushing & Dolan), in connection with U.S. Bank’s purchase of a mortgage for which Cushing & Dolan were the closing attorneys. Cushing & Dolan move to dismiss two negligence counts (Count XVI and Count XVII) for failure to state a claim upon which relief can be granted pursuant to Mass.R.Civ.P. 12(b)(6).
Finding that Cushing & Dolan did not owe U.S. Bank any duty of care because no express or implied attorney-client relationship existed, that Cushing & Dolan could not foresee that U.S. Bank would rely on its legal services, and, in any event, that imposing a duty of care would potentially conflict with the duty Cushing & Dolan owed its client New Century, the court allows the motion to dismiss.
BACKGROUND
In 1999, Brian and Olga Callery (Callerys) refinanced their home loan with New Century Mortgage Corp. (New Century). At the time, they had a $100,000.00 mortgage loan with Anthony Mesiti (Mesiti Mortgage). New Century retained Cushing & Dolan to handle the closing on its behalf.
Before the refinancing with New Century, the Callerys and Mesiti agreed that Mesiti would discharge the Mesiti Mortgage after a payment of $60,000.00, and the Callerys would execute a $40,000.00 mortgage that would be subordinated to the New Century loan. At the closing, Cushing & Dolan placed $60,000.00 in escrow intending to pay Mesiti and have the Mesiti Mortgage discharged. The Mesiti Mortgage, however, was never discharged.
New Century assigned its mortgage to Firstar. U.S. Bank is the successor-by-merger to Firstar. Ocwen is the servicing agent for U.S. Bank. Mesiti assigned the Mesiti Mortgage to National Lenders.
National Lenders foreclosed on the Callerys’ property in 2003, and sold it for $360,000.00. National Lenders refused to disburse any money to U.S. Bank, claiming that National Lenders’ mortgage was senior to U.S. Bank’s, and that it needed to retain the entire sum to satisfy the indebtedness secured by the mortgage.
U.S. Bank alleges that Cushing & Dolan was negligent at the loan’s closing by failing to subordinate the Mesiti Mortgage to the New Century loan. It alleges that Cushing & Dolan breached either an express or implied duty of care to U.S. Bank, or alternatively, Cushing & Dolan should be liable under a foreseeable reliance theory.
STANDARD OF REVIEW
“In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The court must “accept the factual allegations in the plaintiffs’ complaint, as well as any favorable inferences reasonably drawn from them, as true.” Sullivan v. Chief Justice, 448 Mass. 15, 20-21 (2006), quoting Ginther v. Comm’r of Ins., 427 Mass. 219, 322 (1998). The plaintiffs burden to defeat a motion to dismiss is a light one, and mere doubt that the plaintiff will prevail at trial is not the proper basis for dismissing a complaint under Rule 12(b)(6). See Ciardi v. Hoffman-La Roche, 436 Mass. 53, 65 (2002).[4]
DISCUSSION
U.S. Bank must show that Cushing & Dolan owed it a duty of care in order to sustain its legal malpractice claim. DeVaux v. American Home Assurance Co., 387 Mass. 814, 817 (1983). Any duty Cushing & Dolan owed U.S. Bank must be based on either an express or implied attorney-client relationship, or on the theory of foreseeable reliance. See id. at 817-18. U.S. Bank’s amended complaint, and all inferences taken from it, fail to allege any express attorney-client relationship.
“An attorney-client relationship may be implied ‘when (1) a person seeks advice or assistance from an attorney, (2) the advice or assistance sought pertains to matters within the attorney’s professional competence, and (3) the attorney expressly or impliedly agrees to give or actually gives the desired advice or assistance . . .’ ” Id., quoting Kurtenbach v. Tekippe, 260 N.W.2d 53, 56 (Iowa 1977). U.S. Bank’s amended *4 complaint fails to meet the first prong of this test because there are no allegations that U.S. Bank ever sought advice or assistance from Cushing & Dolan.
Foreseeable reliance is a theoiy under which an attorney owes a duty to a nonclient when the attorney knows that the nonclient will rely on the legal services rendered. See Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. 515, 524 (1989). This theoiy of liability is not available if imposing an independent duty of care to a nonclient “would potentially conflict with the duty an attorney owes to his or her client.” Lamare v. Basbanes, 418 Mass. 274, 276 (1994).
U.S. Bank relies on the “Letter to Closing Agent” sent to Cushing & Dolan by First Bank National Association (First Bank) to support its argument that Cushing & Dolan knew that U.S. Bank would rely on its legal services. The letter, dated June 25, 1999, states: “you are hereby notified that First Bank National Association, as agent for certain lenders and a certain lessor (in such capacity, the “Agent”) has a security interest in the deed of trust or mortgage note, the deed of trust or mortgage, and all other supporting documents for the above referenced loan.” See the Letter to Closing Agent attached to Affidavit of Attorney in Support of Plaintiffs’ Opposition to Motion of Defendants Cushing & Dolan, PC and Kevin N. Dolan, Esq. to Dismiss the Complaint.
U.S. Bank contends that the letter informed Cush-ing & Dolan that U.S. Bank had a security interest in the mortgage. The letter, however, merely informed Cushing & Dolan that First Bank was taking a security interest in the mortgage, and U.S. Bank’s amended complaint fails to allege that First Bank was involved in the closing. Cushing & Dolan could not foresee that U.S. Bank was relying on its legal services.
Even assuming that Cushing & Dolan could foresee that U.S. Bank would rely on its legal services, foreseeable reliance is unavailable because any duty Cushing & Dolan owed to U.S. Bank potentially conflicted with the duty it owed to New Centuiy. The facts in this case are almost identical to One National Bank v. Antonellis, 80 F.3d 606 (1996). In Antonellis, a lawyer represented Milford Savings Bank (Milford) at a mortgage closing. Id. at 607. The property had a previous mortgage from Milford on it, but the old mortgage was to be subordinated to the new mortgage. Id. at 607-08. This subordination never occurred. Id. at 608. One National Bank (One National) purchased the new mortgage from Milford without checking to see that the new mortgage had prioriiy. Id. The owner defaulted, and Milford’s original mortgage had priority over One National’s. Id. One National sued the attorney that represented Milford during the new mortgage loan’s closing for certifying that the new mortgage was first. Antonellis, 80 F.3d at 608.
In this case, the Mesiti Mortgage was to be subordinated to the new loan. New Centuiy assigned the loan to U.S. Bank, and U.S. Bank did not check to see that New Centuiy’s loan was first. The Calleiys’ home went into foreclosure, and the Mesiti Mortgage had prioriiy over U.S. Bank’s.
As in Antonellis, two transactions occurred in connection with the Calleiys refinance loan, and Cushing & Dolan was involved with only the first. The Calleiys refinanced with New Centuiy, whom Cushing & Dolan represented.
Cushing and Dolan’s purported duty to U.S. Bank only arose in the second transaction, after New Cen-tuiy assigned the loan to U.S. Bank. This transaction did not involve Cushing & Dolan, making U.S. Bank an unknown third-party nonclient. U.S. Bank is now attempting to stand in New Centuiy’s shoes as the client in the first transaction, in contrast to its adverse position as assignee in the. second transaction.
This results in a potential conflict of interest that precludes U.S. Bank from proceeding on a foreseeable reliance theoiy. New Centuiy knew that the Mesiti Mortgage had priority, and its representative, Cushing & Dolan, placed $60,000.00 in escrow pursuant to an agreement to subordinate the Mesiti Mortgage. Placing a duly to U.S. Bank on Cushing & Dolan would oblige it to inform U.S. Bank of its failure to subordinate the Mesiti Mortgage.
Having closed the loan, Cushing & Dolan would have to check that New Centuiy did not assign the loan until the Mesiti Mortgage was subordinated, or notify any potential assignee, including U.S. Bank, that the Mesiti Mortgage was not subordinated. This creates a potential conflict of interest: if Cushing & Dolan notified U.S. Bank, it would breach its duly of confidentiality. Antonellis, 80 F.3d at 611 (“Clearly, at that point a conflict of duty of confidentiality would arise: if his client decided not to pass on the information and Antonellis did so in its stead, he would breach his duty of confidentiality”).
U.S. Bank’s arguments that Cushing & Dolan stated that it owed a duty to U.S. Bank are without merit. Cushing & Dolan’s statements that it owed U.S. Bank a duty arose out of litigation involving the escrow funds. Cushing & Dolan conceded a possible fiduciary duty as an escrow agent, not as attorney for client closing the New Centuiy loan. The litigation was an interpleader action in which Cushing & Dolan requested that the court determine who should get the $60,000.00 it had in escrow, it was not an action to determine whether Cushing & Dolan was liable to any party for legal representation provided to a client or a forseeable non-client.
U.S. Bank argues that Cushing & Dolan is liable under a foreseeable reliance theoiy because it was an experienced real estate transaction law firm, and it knew that New Centuiy’s loan would be transferred shortly after the closing. Assuming Cushing & Dolan knew that New Centuiy would transfer the loan, that knowledge does not expose it to liability to an indeterminable amount of potential assignees. Foreseeable *5 reliance is only available to a nonclient that the attorney knows will rely on his or her legal services, and is unavailable to U.S. Bank because it was an unknown third-party nonclient. See Craig v. Everett M. Brooks Co., 351 Mass. 497, 500-01 (1967) (foreseeable reliance where the defendant knew the identity of the plaintiff that would rely on its services); see also Antonellis, 80 F.3d at 614 (“[A] third party, of whom the attorney does not know, [cannot] assume the rights of a client through assignment”).
ORDER
The defendants, Cushing & Dolan, P.C., and Kevin N. Dolan, Esq.’s, motion to dismiss Counts XVI and XVII is ALLOWED.

 All references to complaint in this decision indicate the amended complaint. Concerned that U.S. Bank have every opportunity to clarify its allegations, the court sua sponte granted leave to amend the complaint.